# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:20-CV-00380-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,  SAMSUNG RESEARCH AMERICA, | § § § § § | |
| *Defendants*. | § | |

## ORDER GRANTING EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ANTI-INTERFERENCE INJUNCTION RELATED TO SAMSUNG'S LAWSUIT FILED IN THE WUHAN INTERMEDIATE PEOPLE'S COURT OF CHINA

The Court has considered the submissions presented in connection with Plaintiff Ericsson Inc.'s ("Ericsson") Emergency Application for Temporary Restraining Order and Anti-Interference Injunction Related to Samsung's Lawsuit Filed in the Wuhan Intermediate People's Court of China (the "Wuhan Action").  Having considered the matter, the Court finds good cause exists to temporarily restrain Defendants as requested in Ericsson's application.  The Court finds that the status quo should be maintained pending the Court's evaluation of, and ruling on, a preliminary injunction.  The Court finds a substantial risk of irreparable harm to Ericsson, and to the jurisdiction of this Court, if Samsung were to attempt to enforce or further pursue its antisuit injunction against Ericsson.  In contrast, the harm to Samsung of maintaining the status quo is negligible.

**IT IS THEREFORE ORDERED THAT**, effective immediately, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung"), and all of their affiliates, officers, directors, shareholders, and employees, or those in active concert with them, shall refrain from any of the following acts until further order of this Court:

A. Make any request, claim, application, or motion further pursuing or enforcing an injunction from a foreign court—including but not limited to the Intermediate People's Court of Wuhan Municipality, Hubei Province, China—which would prohibit, deter, impose monetary fines on, or otherwise limit in any way Ericsson Inc.'s, and all of its corporate parents, subsidiaries, and affiliates, ability to fully and completely prosecute this action, request and enforce relief, or which would impair this Court's ability to adjudicate any and all matters in this lawsuit;

B. Make any request, claim, application, or motion further pursuing or enforcing an injunction from a foreign court—including but not limited to the Intermediate People's Court of Wuhan Municipality, Hubei Province, China—which would prohibit or otherwise limit in any way Ericsson Inc.'s, and all of its corporate parents, subsidiaries, and affiliates, ability to file suits or administrative actions to enforce or defend its United States patent rights.

**IT IS FURTHER ORDERED THAT** Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Research America shall (1) jointly and severally indemnify, within five business days, Ericsson Inc.'s, and all of its corporate parents, subsidiaries, and affiliates, for any fines imposed by the Intermediate People's Court of Wuhan Municipality, Hubei Province, China related to the Wuhan court's order of December 25, 2020, or any other orders that in any way contravene the prohibitions on Samsung contained in this Order; (2) send

to Ericsson, within 24 hours of this Order, by email a copy of all filings made or received in the Wuhan Action; and (3) promptly send to Ericsson, by email, a copy of all future filings made or received in the Wuhan Action.

This Order is issued without notice because Defendants are yet to appear in this case and because the emergency relief Ericsson requests is highly time sensitive. Accordingly, Ericsson, or its authorized agents, are **ORDERED** to promptly provide actual notice, by emailing a copy of this Order and all papers upon which this Order is based to two Samsung Intellectual Property Licensing employees who have directly interfaced with Ericsson's license negotiators regarding the Wuhan Action.

**IT IS FURTHER ORDERED THAT** Defendants shall respond to Ericsson's request for a preliminary injunction enjoining Defendants, pending the final hearing and determination of this action, from such activities as is described in the paragraphs above and as Defendants have been temporarily enjoined from. The Court establishes the following briefing schedule for consideration of Ericsson's preliminary injunction request:

1. The Court will consider Ericsson's motion for temporary restraining order as also constituting its motion for preliminary injunction.

2. Defendants shall have until **5:00 p.m. CT on January 1st, 2021** to file with this Court and serve on Ericsson's counsel any Opposition to the Continuation of the Temporary Restraining Order or Conversion to Preliminary Injunction. Defendants Opposition will be limited to **15 pages**, exclusive of evidence.

3. Ericsson will have until **5:00 p.m. CT on January 5th, 2021** to serve a Reply. Ericsson's Reply will be limited to **15 pages**, exclusive of evidence.

**IT IS FURTHER ORDERED THAT** a preliminary injunction hearing is set for **9:00 a.m. CT on January 7th, 2021** in Courtroom 106 of the Sam B. Hall, Jr. United States Courthouse in Marshall, Texas.

Because Samsung is unlikely to suffer harm by continuing to be subject to the jurisdiction of this Court and by maintaining the status quo, the Court finds that the proper amount of security under Rule 65(c) is **Zero United States Dollars ($0.00)**.

This Order shall expire on its own terms on **January 11, 2021**, unless further extended by Order of this Court.

For good cause shown and upon written application to the Court, this Order may be extended for a longer period determined by the Court.

**So Ordered this**
**Dec 28, 2020**
 **at 10:00 a.m. CT**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE