# Attachment 2

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

| In the Matter of | |
|---|---|
| CERTAIN ELECTRONIC DEVICES WITH WIRELESS CONNECTIVITY, COMPONENTS THEREOF, AND PRODUCTS CONTAINING SAME | Investigation No. 337-TA-____ |

# PUBLIC INTEREST STATEMENT OF COMPLAINANTS TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON, INC., AND ERICSSON AB

Pursuant to Commission Rule 210.8(b) (19 C.F.R. § 210.8(b)), Complainants Ericsson Inc., Telefonaktiebolaget LM Ericsson, and Ericsson AB (collectively, "Ericsson") submit this Statement on the Public Interest with respect to the remedial orders requested against Proposed Respondents Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Samsung Electronics Vietnam Co. Ltd., Samsung Electronics Vietnam Thai Nguyen Co. Ltd., and Samsung Electronics HCMC CE Complex, Co., Ltd. (collectively, "Samsung" or "Proposed Respondents"). Ericsson seeks a limited exclusion order under 19 U.S.C. § 1337(d) prohibiting from entry into the United States certain electronic devices with wireless connectivity, including smartphones, tablet computers, and televisions, that directly or indirectly infringe claims 1–3, 6-8, 11, 13, 16–18, or 20-21 of U.S. Patent No. 7,151,430 (the "'430 patent"); claims 1–2 or 12–14 of U.S. Patent No. 6,879,849 (the "'849 patent"); claims 8-20 of U.S. Patent No. 7,286,823 (the "'823 patent"); and/or claims 1-4, 7-10, or 16–19 of U.S. Patent No. 9,313,178 (the "'178 patent") (collectively, the "Asserted Patents"). Ericsson also requests a cease and desist order under 19 U.S.C. § 1337(d)

1

prohibiting the Proposed Respondents' sale for importation, importation, sale after importation, use, offer for sale, sale, distribution, advertising, testing, repair, technical support, or any other commercial activity related to infringing Accused Products. And Ericsson seeks a bond covering any importations of infringing products during the Presidential review period. None of the Asserted Patents has been declared essential to any industry standard.

The accused Samsung products are electronic devices with wireless connectivity, including smartphones, tablet computers, and smart televisions, manufactured by or on behalf of Samsung ("Accused Products").

The issuance of Ericsson's requested remedial orders would accord with the strong public interest in protecting intellectual property rights. *Certain Baseband Processor Chips and Chipsets, Transmitter and Receiver (Radio) Chips, Power Control Chips, and Prods. Containing Same*, Inv. No. 337-TA-543, Comm'n Op. at 136–37 (June 2007). Moreover, the requested remedial orders would not have any adverse impact on the statutory public interest factors because, *inter alia*, Samsung's Accused Products are not necessary to meet an important public health or welfare need and because other suppliers of smartphones, tablet computers, and smart televisions are capable of satisfying any shift in market demand created by the requested remedial orders. As in most Section 337 investigations involving wireless telecommunication devices, there is no need to impose upon the Commission, parties and public the cost and burden of delegating public interest issues to an Administrative Law Judge.

## I. How the Accused Products Are Used in the United States

The Accused Products at issue are consumer electronic devices, including smartphones, tablet computers, and smart televisions that are imported and sold in the United States by or on behalf of Samsung. These products are not necessary for any health or welfare need. To the

contrary, the products at issue are marketed and used primarily for entertainment purposes and range from mid-grade to premium models. The Accused Products can be used by consumers for a range of purposes, including telephone calls, email, text messaging, internet browsing, music and video playback, social-media, gaming, and broadcast services. The consumer electronics market for such products, however, is replete with competing products that perform the same general functions and there are also specialized products that perform specific functions for consumers that do not need the full range of capabilities.

## II. There Are No Public Health, Safety, or Welfare Concerns Relating to the Requested Remedial Orders

The Commission has held that mass market consumer products such as smartphones, tablet computers, and smart televisions do not give rise to public interest bars to remedial orders. *See Certain Mobile Devices, Associated Software, and Components Thereof*, Inv. No. 337-TA-744, Comm'n Op. at 30 (June 5, 2012) ("The record shows that there are numerous other sources for [mobile devices] and thus, exclusion of the infringing articles 'will not have a significant negative impact on competitive conditions in the United States economy or on U.S. consumers.'"). Moreover, Samsung itself has stated that "[t]here is no evidence that [mobile devices and tablets] support any public health or safety function, or that an exclusion order would in any way imperil the public health." *Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*, Inv. No. 337-TA-794, Samsung's Statement on the Public Interest at 5 (Oct. 22, 2012). Consumer electronic devices such as smartphones, tablet computers, and smart televisions do not implicate public health and safety concerns of the kind and significance that would rise to the level necessary for the Commission to deny relief. *See, e.g., Certain Fluidized Supporting Apparatus*, Inv. No. 337-TA-182/188 (Oct. 1984) (denying relief where hospital burn beds could not be supplied in a

3

commercially reasonable time); *Certain Inclined-Field Acceleration Tubes*, Inv. No. 337-TA-67 (Dec. 1980) (determining that public interest in advancing atomic research precluded exclusion of patented acceleration tubes). The Accused Products are not medical devices or scientific equipment; they are instead consumer electronic devices that are primarily used for communication and entertainment purposes.

### III. "Like" or "Directly Competitive" Articles Supplied by Samsung's Competitors Can Replace the Infringing Samsung Products Without Significant Disruption

Like or directly competitive articles that can and often are substituted by consumers for the Accused Products are readily available in the marketplace. American consumers have their choice of competing smartphones supplied by Apple, AT&T, BLU, Google, Kyocera, LG, Motorola, Nokia, OnePlus, Sharp, Sony, and many others. Similarly, American consumers can readily choose among tablet computers from Amazon, Apple, ASUS, HP, Lenovo, Microsoft, and others. And of course, there are many suppliers of smart televisions for American consumers, including Hisense, Insignia, JVC, LG, ONN, Philips, RCA, Sceptre, Sony, Toshiba, Vizio, Westinghouse, and others. These substitute products are available to American consumers and can backfill any domestic demands after exclusion of infringing Samsung smartphones, tablet computers, or smart televisions.

### IV. Other Suppliers Can Fulfill Demand Domestic Demand Articles Subject to the Requested Remedial Orders in a Commercially Reasonable Time in the United States

Ericsson's licensees would be able to replace the volume of Accused Products subject to the remedial orders in a commercially reasonable time. For example, with respect to Samsung's Galaxy-series smartphones, the Apple iPhone already accounts for 40% of the U.S. market for smartphones, compared to Samsung's 30%.[1] And Apple's capacity to meet additional demand can

---

[1] *US Smartphone Market Share: By Quarter*, Counterpoint Research, Nov. 16, 2020, https://www.counterpointresearch.com/us-market-smartphone-share/ (last accessed Jan. 4, 2021).

be seen in its surge in the global smartphone market, having overtaken Samsung's sales worldwide by the end of 2019.[2]

## V. The Requested Remedial Orders Would Have Minimal Impact on Consumers or Competitive Conditions in the United States

The requested remedial orders would have no long-term impact on consumers or competitive conditions in the United States. There are numerous substitute products available to U.S consumers, including products from Ericsson's licensees, to provide consumers with replacement products within a commercially reasonable time. The markets for mobile phones, tablet computers, and smart televisions are intensively competitive, thus assuring that any economic impact of the requested remedies will be minimal and short term. *Certain Lens-Fitted Film Packages*, Inv. No. 227-TA-406, Comm'n Op. at 18 (June 18, 1999) ("The fact that some retailers and consumers may have to pay a higher price for LFFPs does not justify a determination that the public interest in protecting intellectual property rights is in any way outweighed."). And since Samsung's Accused Products, as well as most like products are made abroad, there is no likely impact on competitive conditions in the United States.

## VI. Conclusion

For the foregoing reasons, the relief requested by Ericsson will not adversely affect the public interest and there is no need to impose on the Commission, the parties, and the public the cost and burden of delegating public interest issues to the Administrative Law Judge.

---

[2] Christian de Looper, *Apple Overtakes Samsung as the Biggest Smartphone Vendor*, Digital Trends, Jan. 30, 2020, https://www.digitaltrends.com/mobile/apple-overtook-samsung-smartphone-sales-q4-2019/ (last accessed Jan. 4, 2021).

5

Respectfully submitted,

*[signature]*

Thomas L. Jarvis
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Louis L. Campbell
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

Steven M. Anzalone
Paul C. Goulet
FISHERBROYLES, LLP
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 968-0800

Michael M. Murray
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (203) 542-5711

*Counsel for Complainants Ericsson Inc., Telefonaktiebolaget LM Ericsson, and Ericsson AB*