IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. AND<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO. LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>AND SAMSUNG RESEARCH AMERICA,<br><br>      Defendants | **Civil Action No. 2:20-cv-380-JRG** |

**SAMSUNG'S MOTION TO DISMISS**
**ERICSSON'S FRAND-RELATED CLAIMS (COUNTS I -V)**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

    A. The Parties' Pre-Suit Licensing Discussions .............................................................1

    B. The Parties' FRAND Lawsuits ..................................................................................2

III. ARGUMENT ...................................................................................................................4

    A. Ericsson's Declaratory Counts (III to V) Should Be Dismissed For Lack of Declaratory Subject Matter Jurisdiction. ..................................................................5

    B. Ericsson's Breach of Contract Claims Regarding Samsung's FRAND Obligations (Counts I-II) Should be Limited to U.S. Issues Only. ...............................................9

IV. CONCLUSION ..............................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Corfield v. Dallas Glen Hills LP*,
355 F.3d 853 (5th Cir. 2003) ..........................................................................................10, 11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ................................................................................................................11

*Gunn v. Minton*,
568 U.S. 251 (2013) ..................................................................................................................9

*Howery v. Allstate Ins. Co.*,
243 F.3d 912 (5th Cir. 2001) ....................................................................................................4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ..................................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ..................................................................................................................5

*Navarro Savings Assoc. v. Lee*,
446 U.S. 458 (1980) ................................................................................................................10

*Nokia Corp. v. Qualcomm, Inc.*,
No. CIV A 06-509-JJF, 2006 WL 2521328 (D. Del. Aug. 29, 2006) ......................................9

*Optis v. Apple*,
Dkt. 542 ......................................................................................................................................8

*Optis Wireless Tech., LLC v. Apple Inc.*,
No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020) ......................... passim

*Optis Wireless Tech., LLC v. Apple Inc.*,
No. 2:19-CV-00066-JRG, Dkt. 542, 18 (E.D. Tex. Jan. 22, 2021) ...........................................6

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
No. 2:17-CV-00123-JRG, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) ..............................6

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
No. 217CV00123JRGRSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ...............6, 7, 12, 13

*Snyder v. Harris*,
394 U.S. 332 (1969) ................................................................................................................12

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*U.S. Motors v. Gen. Motors Europe*,
   551 F.3d 420 (6th Cir. 2008) ............................................................................................... 11

*Voda v. Cordis Corp.*,
   476 F.3d 887 (Fed. Cir. 2007) ......................................................................................... 5, 6, 12

**Statutes**

12 U.S.C. § 1332 ................................................................................................................................ 4

28 U.S.C. 1267(d) ........................................................................................................................... 12

28 U.S.C. §1331 ............................................................................................................................... 9

28 U.S.C. § 1332(a)(3) ................................................................................................................... 12

28 U.S.C. § 1367 ................................................................................................................... 4, 10, 12

28 U.S.C. § 2201 ............................................................................................................................... 5

**Rules**

Rule 12(b)(1) ..................................................................................................................................... 4

**I.      INTRODUCTION**

This Court should dismiss Counts I to V of Ericsson's amended complaint for lack of subject matter jurisdiction, or, in the alternative, dismiss them in part to the extent they relate to foreign patents or foreign law.  *See, e.g., Optis Wireless Tech., LLC v. Apple Inc.,* No. 2:19-CV-00066-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020).  Each of these counts relates to FRAND conduct by the parties in connection with global licensing offers made before expiration of the parties' 2014 cross license agreement.  Specifically, Counts I, II, IV, and V are directed in different forms to an alleged breach by Samsung with respect to its ETSI contract obligations; Count III seeks declaratory relief to absolve Ericsson of any breach of its own ETSI contract obligations.  No subject matter jurisdiction exists for these counts and this Court should decline, as it has in other cases, to exercise jurisdiction over non-US patent matters.

**II.     BACKGROUND**

   **A.      The Parties' Pre-Suit Licensing Discussions**

This suit arises from the pending expiration of a 2014 cross license agreement between co-plaintiff Telefonaktiebolaget LM Ericsson, a Swedish company, and co-defendant Samsung Electronics Co Ltd, a Korean company.  That agreement cross licenses the companies' cellular standards essential patents (SEPs) and certain other patents.  The agreement settled numerous patent litigations between the companies, including pending Investigations at the United States International Trade Commission, which sought exclusion orders against importation of accused telecommunications products.

With the expiration of the cross license looming, the parties entered into a confidential NDA to negotiate a new cross license, including for 5G cellular technology that is currently being introduced into the marketplace.  Ericsson made a proposal with emphasis on its unilateral 4G and 5G rates for its SEPs and accorded minimal weight to any cross license for Samsung's

1

patents. Ericsson subsequently de-designated its proposal from the NDA for use in litigation. Samsung disagreed with Ericsson's 4G and 5G rates and made its own counter proposal under the NDA for a cross license.

Notably, the parties never made any offers directed specifically to U.S. patents during these negotiations. As Ericsson alleges in its complaint, all of the proposals were global in nature, consistent with the fact that the two parent companies are not U.S. companies and they both sell products and hold patents around the world.

### B. The Parties' FRAND Lawsuits

Ericsson remained inflexible during negotiations in the fall of 2020 with respect to its 4G and 5G rates. With an impasse in the negotiations, on December 7, 2020, Samsung sought to resolve the dispute by seeking adjudication of these rates in the Wuhan Intermediate Court of China. Specifically, Samsung's China action requested that the court set global rates for licensing Ericsson's 4G and 5G SEPs.

Ericsson likewise saw the parties at an impasse, and on December 11, 2020, Ericsson and its U.S. subsidiary Ericsson Inc. filed a lawsuit against Samsung and two Samsung U.S. subsidiaries in this Court. Dkt. 1 (12/11/20 Comp.). Unlike Samsung's China action, Ericsson's action was directed at the parties' conduct in connection with negotiating a new license agreement before the old one had expired. Ericsson included one count—Count III—which sought a declaration that its own pre-suit conduct, including its royalty rate offer to Samsung, was consistent with Ericsson's FRAND obligations to ETSI for licensing its SEPs. Ericsson also included four counts complaining in different forms that Samsung's pre-expiration proposal for Samsung's SEPs was allegedly not consistent with Samsung's FRAND obligations under Samsung's own ETSI contracts.

On January 1, 2021, immediately after the expiration of the 2014 license, Ericsson amended its complaint to add eight additional patent counts. Dkt. 17 (1/1/21 Amend. Comp.). The five FRAND claims remained the same. Specifically, the five FRAND-related Counts in Ericsson's Amended Complaint allege:

**Count I:** Breach of contract by Samsung due to alleged proposal of non-FRAND terms for licensing Samsung global portfolio of SEPs as part of a global cross-license (*id.* at ¶¶ 63-76).

**Count II:** Breach of good faith by Samsung due to alleged proposal of non-FRAND terms for licensing Samsung global SEP portfolio as part of a global cross-license (*id.* at ¶¶ 77-82).

**Count III:** Declaratory judgment action that Ericsson did not breach FRAND obligations in connection with proposing global royalty rates for a global license under Ericsson SEPs (*id.* at ¶¶ 83-86).

**Count IV:** Declaratory judgment action that Samsung breached its FRAND obligation due to alleged proposal of non-FRAND terms for licensing Samsung global SEP portfolio as part of a global cross-license (*id.* at ¶¶ 87-90).

**Count V:** Declaratory judgment action that Samsung breached good faith due to alleged proposal of non-FRAND terms for a global cross-license under Samsung SEPs (*id.* at ¶¶ 91-95). As relief, Ericsson seeks, inter alia, to eliminate any obligations it owes to Samsung as a third-party beneficiary to Ericsson's ETSI contract, and thus leave Ericsson unfettered ability to seek worldwide injunctions on SEPs and damages not limited by FRAND. *Id.* at Prayer for Relief (c).

Ericsson's Complaints purport to base federal subject matter jurisdiction on diversity under 12 U.S.C. § 1332 by including for every count noted above both Ericsson and its U.S. subsidiary on one side and Samsung and its U.S. subsidiaries on the other. *Id.* at ¶ 16. This

3

diversity assertion is incorrect because these counts arise from ETSI contracts and the party to the ETSI contract is the foreign parent, not the U.S. subsidiaries. Ericsson also alleges supplemental jurisdiction under 28 U.S.C. § 1367. *Id.*

In its January 11, 2021 Order enjoining Samsung from enforcing certain orders of the Chinese Court, this Court summarized the subject matter of the parties' respective lawsuits, noting that Samsung's China case seeks a "number" for "the FRAND royalty rates applicable for Samsung's communication products implementing all of Ericsson's 4G and 5G SEPs," while Ericsson "asks this Court to look at the parties' pre-suit negotiation conduct and determine whether the parties breached or complied with their mutual FRAND obligations." Dkt. 45 (1/11/21 Order) at 11-12. The Court further noted that the "Wuhan Court can continue to adjudicate the claims that Samsung has brought before it, pursuant to its laws and its rules of civil procedure" and that "[t]his Court does not intend—nor does it wish—to frustrate or delay the speedy and efficient determination of the case brought in Wuhan." *Id.* at 11.

### III.   ARGUMENT

Samsung brings this motion under Rule 12(b)(1) to challenge subject matter jurisdiction for Ericsson's FRAND claims. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). A court should "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).

Counts I to V of Ericsson's amended complaint—which seek to absolve Ericsson of any FRAND obligations with respect to asserting its SEPs in worldwide litigation against Samsung— fail on multiple grounds and subject matter jurisdiction does not exist for these counts. As a

4

result, Samsung respectfully submits that each of the Counts should be dismissed for lack of subject matter and declaratory jurisdiction, or to the extent this Court finds that additional fact development is warranted, dismissed in part to the extent they relate to foreign patents and foreign law.

As explained below, the Court has previously dismissed similar claims for which jurisdiction was discretionary because they either sought declaratory judgments or relied on supplemental jurisdiction. Here, Ericsson's Counts III to V seek declaratory judgments and are discretionary in nature. Regarding the contract claims in Counts I and II, diversity jurisdiction is lacking as discussed below. The contract claims must therefore rely on supplemental jurisdiction and are subject to discretion for that reason. Thus, dismissal of each of Counts I to V thus follows from previous rulings of the Court regarding similar claims.

### A.   Ericsson's Declaratory Counts (III to V) Should Be Dismissed For Lack of Declaratory Subject Matter Jurisdiction.

A court has subject matter jurisdiction to issue a declaratory judgment only if there is an "actual controversy." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007); *see also* 28 U.S.C. § 2201. A controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Genentech*, 549 U.S. at 127.

The Federal Circuit has held that U.S. courts should decline subject matter jurisdiction over claims based upon foreign patent rights. *Voda v. Cordis Corp.,* 476 F.3d 887, 903 (Fed. Cir. 2007). This Court has explained that "'[i]t is hard to see how the reasoning in *Voda* would not apply to a hypothetical breach of contract claim,' such as a FRAND claim." *Optis*, 2020 WL 999463, at *3; *see also Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No.

217CV00123JRGRSP, 2018 WL 3375192, at *7 (E.D. Tex. July 11, 2018).  On this basis, the Court has held that "any portion of [a FRAND claim] that seeks a declaration that Plaintiffs have complied with their obligations under foreign laws or as they relate to foreign patents, or that [the defendant] may not raise a FRAND defense in a foreign jurisdiction, are dismissed."  *Optis*, 2020 WL 999463, at *3; *see also id.* at *2 ("declin[ing] jurisdiction to declare rights as to foreign patents or foreign obligations" in connection with FRAND disputes).  This Court has also dismissed declaratory counts in their entirety for lack of subject matter jurisdiction after trial where the plaintiff failed to present evidence "that it made any offer to [the defendant] for U.S.-only patents" because "the Court simply cannot determine whether [the plaintiff] complied with its FRAND obligations as to their U.S. SEPs and [the defendant]".  *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, Dkt. 542, 18 (E.D. Tex. Jan. 22, 2021) (holding "[a]ny declaration by the Court would amount to merely an advisory opinion, which is disfavored.")

Here, Ericsson's three declaratory FRAND claims—Counts III to V—should be dismissed for lack of declaratory jurisdiction for the same reasons this Court has dismissed similar declaratory FRAND claims in other cases.  *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, Dkt. 542, *16-18 (E.D. Tex. Jan. 22, 2021); *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, No. 2:17-CV-00123-JRG, 2019 WL 1244707, at *7 (E.D. Tex. Mar. 18, 2019).  Like in the *Optis* cases, Counts III to V seek declaratory relief arising from ETSI contractual obligations of the parties:

- Count III seeks "a declaratory judgment that Ericsson's global, reciprocal cross-license offered during the negotiations with Samsung complied with Ericsson's FRAND commitment, as set forth in its IPR licensing declarations to ETSI, that Ericsson's conduct in negotiations with Samsung has not breached ETSI's IPR Policy or any applicable competition laws, and that Ericsson has fully complied with the ETSI IPR Policy in all respects."  Dkt. 17 (1/1/21 Amend. Comp.) at ¶ 86.

- Count IV similarly seeks "a declaratory judgment that Samsung has breached Samsung's FRAND commitment, as set forth in its IPR licensing declarations to ETSI, as well as ETSI's IPR Policy and any applicable laws." *Id.* at ¶ 90.

- Count V seeks, on the basis of the assertions above, a ruling "that Samsung has repudiated and forfeited its right to claim rights as a third-party beneficiary of Ericsson's FRAND commitment to ETSI." *Id.* at ¶ 95.

On their face, these declaratory judgment claims are inconsistent with the Court's rulings in the *Optis* cases. For example, Ericsson seeks rulings on FRAND compliance regarding conduct in discussions relating to a "***global,*** reciprocal cross-license" under the parties' respective cellular SEPs. *Id.* at ¶ 86 (emphasis added); *see also id.* at ¶¶ 42-45 (explaining the global nature of the parties' licensing parties' discussions underlying Ericsson's FRAND claims). Evaluating such conduct requires analysis of foreign patents and ranges of FRAND licensing terms for such foreign patents, which comprise a substantial portion of the parties' global portfolios. In *Optis*, this Court found that foreign issues were implicated by a similar request for a declaratory judgment that the patentee "complied with their FRAND obligations 'during their negotiations with [a prospective licensor] concerning a worldwide license' to the plaintiffs' patents." *Optis*, 2020 WL 999463, at *3 *citing Optis,* 2018 WL 3375192, at *7. Ericsson's declaratory judgment claims should therefore likewise be dismissed "as they relate to foreign patents." *Optis*, 2020 WL 999463, at *3.

Ericsson's declaratory judgment claims also seek a declaration regarding foreign legal obligations. For example, Ericsson requests a judgment that it complied with "ETSI IPR Policy ***in all respects***" and with "***any applicable competition laws***"—apparently including as such obligations may be interpreted and enforced by foreign courts under foreign laws. Dkt. 17 (1/1/21 Amend. Comp.) at ¶ 86 (emphasis added); *see also id.*, Prayer for Relief (d) (seeking judgment of compliance with "all other applicable laws"). Ericsson similarly seeks a judgment that Samsung did not comply with FRAND obligations under "***any applicable laws***" and also

7

seeks sweeping relief to eliminate Samsung's ability to enforce Ericsson's FRAND obligations, without any limitation to U.S. laws or proceedings. *Id.* at ¶¶ 90, 95 (emphasis added). These allegations are again inconsistent with this Court's precedent against ruling upon FRAND obligations under foreign law. *Optis*, 2020 WL 999463, at *3 (dismissing FRAND claims seeking a "declaration that Plaintiffs have complied with their obligations under foreign laws" or that a party "may not raise a FRAND defense in a foreign jurisdiction").

Samsung recognizes, of course, that in prior cases this Court declined to dismiss declaratory FRAND counts in their entirety and reserved ruling "with respect to U.S. patents or under U.S. state or federal law" until plaintiffs had an opportunity to attempt to "prove these allegations in a manner sufficient to allow this Court to issue declaratory relief." *Optis v. Apple*, Dkt. 542 at 5. Here, Samsung respectfully submits that Count III to V as alleged by Ericsson exclude the possibility of U.S.-only declaratory relief because they fail to allege "that it made any offer to [the prospective licensee] for U.S.-only patents," and, thus, fail on the pleadings. *Id.* at 18. In fact, the Counts accurately allege that the challenged conduct is tied exclusively to discussions regarding a global patent cross-license at a global royalty rate. *See, e.g.,* Dkt. 17 (1/1/21 Amend. Comp.) at ¶ 71 (asserting for Count I that "Ericsson's offer was for a global cross-license that took into account both parties' Essential Patents . . ."); *Id.* at ¶ 85 (asserting for Count III that a "dispute exists between Ericsson and Samsung concerning whether Ericsson's offer to Samsung for a global cross-license to the parties' Essential Patents violated Ericsson's commitment"). In view of Ericsson's global-only allegations, Samsung submits that dismissal of these counts in their entirety for lack of declaratory jurisdiction is appropriate now without the need for a separate evidentiary hearing, unlike *Optis v. Apple*. To the extent the Court disagrees,

8

however, Samsung requests the counts be dismissed at least to the extent they relate to non-U.S. patents and law consistent with this Court's *Optis* precedent.

      **B.    Ericsson's Breach of Contract Claims Regarding Samsung's FRAND Obligations (Counts I-II) Should be Limited to U.S. Issues Only.**

Ericsson's Amended Complaint also asserts two breach of contract claims that purport to arise from Samsung's ETSI contract for licensing Samsung's SEPs to which Ericsson and its U.S. subsidiary contend they are a third party beneficiary:

- Count I asserts that "Samsung violated its FRAND commitment by effectively depriving Ericsson of its right as a third-party beneficiary to a license to Samsung's Essential Patents on FRAND terms." Dkt. 17 (1/1/21 Amend. Comp.) at ¶ 72.

- Count II asserts that Samsung breached an obligation to negotiate in good faith by "effectively depriving Ericsson of a license to Samsung's Essential Patents on FRAND terms." *Id.* at ¶ 78.

No diversity exists for these breach of contract Counts and they must therefore rely upon supplemental jurisdiction, which is discretionary in nature. Discretion should not be exercised to proceed with these Counts for the same reasons described above with respect to declaratory Counts III to V. Thus, Counts I and II should be dismissed in their entirety, or limited at this time to U.S. issues only, for the same reasons discussed above with respect to Ericsson's declaratory judgment claims.

      **1.    Ericsson's Breach of Contract Claims are Not Subject to Diversity Jurisdiction.**

The breach of contract claims relating to FRAND obligations do not arise under federal law and therefore are not subject to federal jurisdiction under 28 U.S.C. §1331. *See Gunn v. Minton*, 568 U.S. 251, 259 (2013); *Nokia Corp. v. Qualcomm, Inc.*, No. CIV A 06-509-JJF, 2006 WL 2521328 (D. Del. Aug. 29, 2006) (remanding similar claims to state court). Ericsson's Amended Complaint asserts two alternative bases for jurisdiction—diversity under Section 1332(a) and supplemental jurisdiction under Section 1367. Dkt. 17 (1/1/21 Amend. Comp.) at ¶

9

16. Because diversity jurisdiction is not available for these claims, as explained below, they must rely upon supplemental jurisdiction.

"The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy . . . a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003) *citing Navarro Savings Assoc. v. Lee,* 446 U.S. 458, 460 (1980). As discussed above, Ericsson's breach of contract claims relate to licensing obligations for **Samsung** SEPs. Dkt. 17 (Amend. Comp.) at ¶ 72 (asserting in Count I that "Samsung violated its FRAND commitment" in connection with "a license to Samsung's Essential Patents on FRAND terms"); *id.* at ¶ 78 (asserting in Count II that Samsung breached good faith by "effectively depriving Ericsson of a license to Samsung's Essential Patents on FRAND terms"). The "Samsung Essential Patents" (*i.e.,* cellular SEPs) targeted by these claims are held only by Samsung Electronics Co., Ltd. ("SEC"), a foreign entity. Ex. 1 (Yu Decl.) at ¶¶ 1-2. SEC is also the only one who submitted FRAND licensing commitments for these patents. *Id.* Thus, SEC is the only party who is a "real and substantial" defendant for Ericsson's breach of contract claims. *Corfield,* 355 F.3d at 857.

Ericsson asserted that diversity jurisdiction exists because the "Principal Parties" for the Defendant side are located in "Another State":

| III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only) | | | | | | |
|---|---|---|---|---|---|---|
| | PTF | DEF | | | PTF | **DEF** |
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In **Another State** | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

Dkt. 1-1 (12/11/20 Civil Cover Sheet) (annotated). But that is incorrect. The only real defendant to Ericsson's breach of contract claims is SEC, which holds the patents for which licensing obligations were allegedly breached. Samsung's U.S. entities named in the Amended Complaint—Samsung Electronics America, Inc. and Samsung Research America—do not hold any of the patents at issue (Ex. 1 (Yu Decl.) at ¶ 2), cannot license the patents issue, and cannot be accused of breaching any licensing obligations relating to patents held by a different entity. Samsung's U.S. entities are thus not "real and substantial parties" to this controversy, let alone the "Principal Parties" as Ericsson asserts, and should be disregarded for purposes of evaluating diversity. *Corfield,* 355 F.3d at 857.

The remaining parties for Counts I and II are Ericsson's foreign entity and U.S. entity, as plaintiffs, against Samsung's foreign entity, as the defendant. This collection of parties fails to satisfy the requirements for diversity jurisdiction under Sections 1332(a)(2) and 1332(a)(3), which are the provisions relevant to a case against a foreign defendant. Diversity jurisdiction under Section 1332(a)(2) requires "complete diversity." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 546-47 (2005). The presence of Ericsson's foreign entity as a party eliminates complete diversity. *Id.*; *see also U.S. Motors v. Gen. Motors Europe,* 551 F.3d 420, 422 (6th Cir. 2008) ("Section 1332(a)(2), however, also does not apply because this case . . . involves a combination of domestic and foreign plaintiffs and a foreign defendant").

Diversity jurisdiction under Section 1332(a)(3) requires that "the matter in controversy . . . is between . . . citizens of different States," with foreign entities as additional parties. 28 U.S.C. § 1332(a)(3). Statutory requirements regarding the "matter in controversy" must be met for each claim on its own. *See Snyder v. Harris,* 394 U.S. 332, 339 (1969) (explaining that the "matter in controversy" statutory language has been subject to "judicial interpretation that has consistently

interpreted that congressionally enacted phrase as not encompassing the aggregation of separate and distinct claims"). Here, however, Ericsson's breach of contract claims do not involve a "matter in controversy" between "citizens of different states" because the only proper defendant is SEC, which is not a citizen of any U.S. state. As explained above, Samsung's U.S. entities are not proper parties to these claims because they do not hold any of the SEPs for which a FRAND commitment was allegedly breached. Thus, Ericsson's breach of contract claims fail to satisfy the requirements for diversity jurisdiction under Section 1332(a)(3).

For the reasons explained above, Ericsson's breach of contract claims are not subject to diversity jurisdiction. To the extent there is federal jurisdiction for these claims, it must be based upon supplemental jurisdiction under Section 1367.

### 2. Ericsson's Breach of Contract Claims (Counts I-II) Should Be Dismissed Regarding 28 U.S.C. § 1367 Supplemental Jurisdiction.

This Court has previously held that supplemental jurisdiction will be declined with respect to FRAND claims to the extent they seek to encompass foreign patents and legal obligations. *Optis,* 2018 WL 3375192, at *8; *see also Voda,* 476 F.3d at 903 (rejecting supplemental jurisdiction under 28 U.S.C. 1267(d) for foreign patents). Ericsson's Counts I and II substantially mirror the declaratory relief Ericsson seeks in Counts IV and V. For the same reasons Ericsson's declaratory judgment Counts should be dismissed or limited, so too should Ericsson's breach of contract Counts.

Like the declaratory Counts, the breach of contract Counts encompass issues relating to foreign patents. For example, Ericsson asserts a breach of FRAND obligations based upon conduct in discussions involving a "global cross-license to both parties' Essential Patents," including foreign patents. Dkt. 17 (1/1/21 Amend. Comp.) at ¶¶ 42-45. Evaluating such conduct necessarily requires analysis of foreign patent and FRAND licensing terms for such patents. *See*

*Optis*, 2020 WL 999463, at *3 (*citing Optis,* 2018 WL 3375192, at *7) (finding that foreign issues were implicated by a claim that the patentee "complied with their FRAND obligations 'during their negotiations with Huawei concerning a worldwide license' to the plaintiffs' patents").

And like the declaratory Counts, Ericsson's breach of contract Counts improperly seek a declaration regarding foreign legal obligations. For example, Ericsson asserts breach of an obligation "under French law" to the effect that "once Samsung commenced negotiations with Ericsson for a cross-license, Samsung was obligated to negotiate in good faith." Dkt. 17 (1/1/21 Amend. Comp.) at ¶ 78.

In line with previous rulings, the Court should "decline[] jurisdiction to declare rights as to foreign patents or foreign obligations." *Optis*, 2020 WL 999463, at *2. This approach was specifically applied to claims that rely upon an exercise of the court's discretion to accept supplemental jurisdiction. *Optis,* 2018 WL 3375192, at *8. Accordingly, the Court should dismiss Counts I and II of Ericsson's Amended Complaint, or, in the alternative, dismiss those portions of the Counts that implicate obligations under foreign laws, foreign patents, or rights to raise FRAND issues in foreign proceedings. *Optis*, 2020 WL 999463, at *3.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court dismiss Ericsson's FRAND claims (Counts I through V) or, at a minimum, limit these claims to U.S. issues only subject to further fact finding by the Court on the jurisdictional issues.

Dated: March 2, 2021										Respectfully submitted,

    */s/ Gregory S. Arovas*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Gregory S. Arovas, P.C.
greg.arovas@kirkland.com
Todd M. Friedman, P.C.
todd.friedman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C.
edward.donovan@kirkland.com
F. Christopher Mizzo, P.C.
chris.mizzo@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

David Rokach
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60645
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

>Paul Zeineddin
>pzeineddin@axinn.com
>AXINN, VELTROP & HARKRIDER LLP
>950 F. Street, N.W.
>Washington, DC 20004
>Telephone: (202) 912-4700
>Facsimile: (202) 912-4701
>
>***Attorneys for Samsung Defendants***

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 2, 2021.

>*/s/ Melissa R. Smith*