## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| ERICSSON INC., and<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC., and<br>SAMSUNG RESEARCH AMERICA,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00380-JRG |

## DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIMS TO ERICSSON'S FIRST AMENDED COMPLAINT

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America ("SRA") (collectively, "Samsung" or "Defendants") hereby submit their Amended Answer to the First Amended Complaint of Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson" or "Plaintiffs").

Defendants filed a motion to dismiss Counts I through V of Ericsson's Amended Complaint. Accordingly, this Answer responds solely to Counts VI through XII with respect to alleged patent infringement. Defendants also hereby submit their Counterclaims and affirmative defenses to Counts VI through XII of Plaintiffs' Amended Complaint.

Samsung denies all allegations in Ericsson's Amended Complaint unless expressly admitted in the following paragraphs. Any admissions herein are for purposes of this matter only. Samsung reserves all rights to amend its pleading, including the right to take further positions and

raise additional defenses that may become apparent as a result of additional information discovered subsequent to the filing of the Answer and Counterclaims.

## **NATURE OF THE ACTION**

1.      Samsung admits that Ericsson has been involved in developing cellular communication standards, developing infrastructure equipment, and selling and managing infrastructure equipment.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Amended Complaint, and therefore denies those allegations.

2.      Samsung admits that Ericsson holds thousands of issued patents.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Amended Complaint, and therefore denies those allegations.

3.      Samsung admits that Ericsson has submitted FRAND licensing commitments to ETSI, at least some of which include selection of the reciprocity provision.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Amended Complaint, and therefore denies those allegations.

4.      Samsung admits that cellular mobile devices incorporate cellular communication standards.  Samsung denies the allegations in paragraph 4 of the Amended Complaint regarding importance of cellular communication standards to the exclusion of numerous other features. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Amended Complaint, and therefore denies those allegations.

5.      Samsung admits that SEC is, at least by some metrics, "the largest smartphone manufacturer in the world, and also manufactures cellular network infrastructure equipment."

Samsung admits that it is involved in developing cellular communication standards and that SEC holds a global portfolio of patents essential to those standards and has committed to license standard essential patents on FRAND terms. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Amended Complaint, and therefore denies those allegations.

6.      Samsung admits that SEC and Ericsson have in the past executed global cross-licenses, covering both parties' patents related to the 2G, 3G, and/or 4G cellular standards. Samsung admits that SEC and Ericsson executed a multi-year agreement in January 2014. Samsung admits that the parties engaged in pre-expiration discussions regarding a new license. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended Complaint, and therefore denies those allegations.

7.      Samsung denies the allegations in paragraph 7 of the Amended Complaint.

8.      Samsung admits that SEC submitted a binding and enforceable commitment to license cellular standard essential patents on FRAND terms and that the ETSI commitment is governed by French law. Samsung admits that Ericsson filed this suit against Samsung in this Court.  Samsung denies the remaining allegations in paragraph 8 of the Amended Complaint.

9.      Samsung admits that Ericsson filed this suit against Samsung in this Court. Samsung denies the remaining allegations in paragraph 9 of the Amended Complaint.

## PARTIES

10.      Samsung admits that Ericsson Inc. purports to be a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint, and therefore denies those allegations.

11.     Samsung admits that Telefonaktiebolaget LM Ericsson purports to be a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint, and therefore denies those allegations.

12.     Samsung admits that Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea with a principal place of business in Suwon, South Korea.  Samsung further admits that SEC's business includes the design, manufacture, and sale of mobile devices, such as smartphones that operate on cellular networks around the world and in the United States.

13.     Samsung admits that Samsung Electronics America, Inc. ("SEA") has a principal place of business in Ridgefield, New Jersey, and is incorporated in New York.  Samsung further admits that SEA's business includes importing, marketing, selling, and/or offering for sale smartphones that operate on cellular networks in the United States, cellular network infrastructure equipment that operates on cellular networks in the United States, and research and development related to the cellular standards, smartphones, cellular network infrastructure equipment, and other mobile devices.

14.     Samsung admits that Samsung Research America ("SRA") has a principal place of business in Mountain View, California, and is a wholly-owned subsidiary of SEA.  Samsung further admits that SRA's business includes research and development related to cellular standards, cellular network infrastructure equipment, and other mobile devices.

15.     Samsung admits that SEA and SRA maintain an office at 6625 Excellence Way, Plano, Texas 75023.  Samsung further admits that SEA's and SRA's business includes research

and development related to the cellular standards, smartphones, and other mobile devices, and that their engineers are involved in standardization and patent development activities.  Samsung admits that patents essential to cellular communication standards are assigned to SEC and that SEC has submitted FRAND commitments to ETSI regarding such patents.

## JURISDICTION AND VENUE

16.     Samsung admits that Ericsson purports to set forth an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, but denies that such allegations are meritorious.  Samsung admits that Ericsson purports to bring claims under 28 U.S.C. §§ 2201 and 2202 and Title 35 of the United States Code, but denies that such allegations are meritorious. Samsung does not dispute that this Court has jurisdiction over Counts VI through XII under 28 U.S.C. §§ 1331 and 1338(a). Samsung denies that this Court has and/or should exercise its discretion to accept subject matter jurisdiction over this suit under 28 U.S.C. §§ 1332 and 1367.

17.     Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and therefore denies those allegations.

18.     Samsung does not challenge venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this case, but otherwise denies the allegations in paragraph 18 of the Amended Complaint regarding alleged infringement.

19.     Samsung does not challenge personal jurisdiction over the Samsung defendants for purposes of this case, but otherwise denies the allegations in paragraph 19 of the Amended Complaint to the extent they seek to conflate activities of SEA and SRA.

20.     Samsung does not challenge personal jurisdiction for purposes of this case, but otherwise denies the allegations in paragraph 20 of the Amended Complaint to the extent they seek to conflate activities of SEC, SEA, and SRA.

21.     Samsung admits that certain products accused of infringement in the Amended Complaint are manufactured, in whole or in part, by Samsung Electronics Vietnam Thai Nguyen Co., Ltd. and Samsung Electronics Vietnam Co., Ltd., which are subsidiaries of SEC.

22.     Samsung admits that Ericsson employees located in Texas were involved in licensing discussions.  Samsung does not challenge personal jurisdiction for purposes of this case, but otherwise denies the allegations in paragraph 22 of the Amended Complaint regarding purposefully directing licensing activities into this District.

23.     Samsung admits that it has not contested venue and personal jurisdiction in certain other cases, but otherwise denies the allegations in paragraph 23 of the Amended Complaint.

24.     Samsung admits that Ericsson Inc. purports to be a corporation with its principal place of business in the Eastern District of Texas, a subsidiary of other Ericsson entities, and involved in business activities relating to cellular network infrastructure equipment, but otherwise denies the allegations in paragraph 24 of the Amended Complaint.

## FACTUAL BACKGROUND

### A.     Ericsson's Investment in Telecommunications

25.     Samsung admits that Ericsson is a supplier of cellular network equipment. Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Amended Complaint, and therefore denies those allegations.

26.     Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and therefore denies those allegations.

27.     Samsung admits that Ericsson has been involved in development of cellular communication standards.  Samsung is at this point without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 27 of the Amended Complaint, and therefore denies those allegations.

28.     Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and therefore denies those allegations.

29.     Samsung admits that Ericsson holds thousands of patents that purport to relate to wireless telecommunication technology and has submitted technical contributions to cellular standardization.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Amended Complaint, and therefore denies those allegations.

30.     Samsung admits that Ericsson has submitted FRAND commitments to ETSI for 2G, 3G, 4G, and 5G.  Samsung denies the remaining allegations in paragraph 30 of the Amended Complaint.

**B.      ETSI and 3GPP**

31.     Samsung admits that the European Telecommunications Standards Institute (ETSI) is a standard development organization (SDO) that publishes standards for the telecommunications industry, that Samsung and Ericsson are members of ETSI, that ETSI is an organizational partner of the Third Generation Partnership Project (3GPP), and that 3GPP produces technical specifications for various wireless standards (including LTE and NR). Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Amended Complaint, and therefore denies those allegations.

32.     Samsung admits that many members of standard setting organizations own patents relating to technical contributions and subject matter of cellular standards.  Samsung denies the remaining allegations in paragraph 32 of the Amended Complaint.

33.     Samsung admits that ETSI has developed and promulgated an IPR Policy and states that the IPR Policy speaks for itself.  Samsung denies the remaining allegations in paragraph 33 of the Amended Complaint to the extent not consistent with the IPR Policy.

34.     Samsung admits that the ETSI IPR Policy contains an "IPR Information Statement and Licensing Declaration" form and that Ericsson has submitted such forms to ETSI.  Samsung denies that it has allegedly insisted on non-FRAND rates and denies that Ericsson has complied with its FRAND commitment regarding licensing Samsung.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint regarding Ericsson licenses, and therefore denies those allegations.

35.     Samsung admits that Ericsson has selected the reciprocity provision on at least some portion of its ETSI commitments.  Samsung admits that the ETSI IPR Policy contains provisions regarding reciprocity and states that those provisions speak for themselves.  Samsung admits that the parties previously entered into a cross license agreement.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Amended Complaint, and therefore denies those allegations.

36.     Samsung admits that it participates in development of cellular standards, has obtained patents that are essential to cellular standards, which are assigned to SEC, and has submitted FRAND commitments to ETSI.  The remaining allegations in paragraph 36 of the Amended Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the remaining allegations in paragraph 36 of the Amended Complaint.

### C.    Ericsson and Samsung's Prior Licenses

37.    Samsung admits that SEC designs, manufactures and markets mobile devices and cellular infrastructure worldwide that comply with at least certain portions of certain cellular communications standards.  Samsung denies the remaining allegations of paragraph 37 of the Amended Complaint.

38.    Samsung admits that Ericsson purports to design, manufacture, and market infrastructure equipment, including in the United States and in this District, that complies with 2G, 3G, 4G, and 5G standards and utilizes Samsung essential patents.

39.    Samsung admits that parties have signed several cross-license agreements covering certain patents, including most recently a multi-year agreement in 2014.

### D.    The Parties' Negotiations

40.    Samsung admits that the parties engaged in licensing negotiations beginning in early 2019.  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Amended Complaint regarding Ericsson's practices and motivations, and therefore denies those allegations.

41.    Samsung admits that the parties discussed the objective of seeking to reach agreement by the end of 2020 and engaged in multiple technical discussions.  Samsung denies the remaining allegations in paragraph 41 of the Amended Complaint regarding alleged infringement.

42.    Samsung admits that Ericsson proposed global payment terms for a global license under Ericsson's 4G and 5G patents.  Samsung denies the remaining allegations in paragraph 42 of the Amended Complaint.

43.    Samsung denies the allegations in paragraph 43 of the Amended Complaint.

44.    Samsung denies the allegations in paragraph 44 of the Amended Complaint.

45.     Samsung admits that Ericsson provided an arbitration proposal on September 27, 2020, which contained a 45-day deadline.  Samsung denies the remaining allegations in paragraph 45 of the Amended Complaint.

46.     Samsung admits that it responded to Ericsson's arbitration proposal on November 10, 2020, within the deadline proposed by Ericsson, and that Samsung declined to accept Ericsson's proposal in view of its unreasonable provisions.  Samsung denies the remaining allegations and characterizations in paragraph 46 of the Amended Complaint.

47.     Samsung denies the allegations in paragraph 47 of the Amended Complaint.

**E.     The Asserted Patents**

48.     Samsung admits that U.S. Patent No. 8,102,805 (the "'805 patent"), entitled "HARQ in Spatial Multiplexing MIMO System," issued on January 24, 2012.  Samsung further admits that, on its face, the '805 patent lists Bo Göransson, Per Johan Torsner, and Stefan Parkvall as inventors.  Samsung denies that the '805 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Amended Complaint, and therefore denies those allegations.

49.     Samsung admits that U.S. Patent No. 8,607,130 (the "'130 Patent"), entitled "Computationally Efficient Convolutional Coding with Rate-Matching," issued on December 10, 2013.  Samsung further admits that, on its face, the '130 patent lists Jung-Fu Cheng as an inventor.  Samsung denies that the '130 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Amended Complaint, and therefore denies those allegations.

50.     Samsung admits that U.S. Patent No. 9,949,239 (the "'239 Patent"), entitled "Uplink Scrambling During Random Access," issued in April 17, 2018.  Samsung further admits

that, on its face, the '239 patent lists Stefan Parkvall, Erik Dahlman, and Tobias Tynderfeldt as inventors.  Samsung denies that the '239 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Amended Complaint, and therefore denies those allegations.

51.     Samsung admits that U.S. Patent No. 9,532,355 (the "'355 Patent"), entitled "Transmission of System Information on a Downlink Shared Channel," issued on December 27, 2016.  Samsung further admits that, on its face, the '355 patent lists Erik Dahlman and Vera Vukajlovic Kenehan as inventors.  Samsung denies that the '355 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Amended Complaint, and therefore denies those allegations.

52.     Samsung admits that U.S. Patent No. 10,454,655 (the "'655 Patent"), entitled "Wireless Terminals, Nodes of Wireless Communication Networks, and Methods of Operating the Same," issued on October 22, 2019.  Samsung further admits that, on its face, the '655 patent lists Mattias Tan Bergstrom, Riikka Susitaival and Magnus Stattin as inventors.  Samsung denies that the '655 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Amended Complaint, and therefore denies those allegations.

53.     Samsung admits that U.S. Patent No. 10,193,600 (the "'600 Patent"), entitled "Codebook Subset Restriction Signaling," issued on January 29, 2019.  Samsung further admits that, on its face, the '600 patent lists Sebastian Faxér, Mattias Frenne, Simon Järmyr, George Jöngren, and Niklas Wernersson as inventors.  Samsung denies that the '600 patent was "duly and legally issued."  Samsung is at this point without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 53 of the Amended Complaint, and therefore denies those allegations.

54.     Samsung admits that U.S. Patent No. 10,425,817 (the "'817 Patent"), entitled "Subscription Concealed Identifier," issued on September 24, 2019.  Samsung further admits that, on its face, the '817 patent lists Vesa Torvinen, Noamen Ben Henda, David Castellanos Zamora, Prajwol Kumar Nakarmi, Pasi Saarinen, and Monica Wifvesson as inventors.  Samsung denies that the '817 patent was "duly and legally issued."   Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Amended Complaint, and therefore denies those allegations.

55.     Samsung admits that U.S. Patent No. 10,516,513 (the "'513 Patent"), entitled "Controllable CSI-RS Density," issued on December 24, 2019.  Samsung further admits that, on its face, the '513 patent lists Stephen Grant and Mattias Frenne as inventors.  Samsung denies that the '513 patent was "duly and legally issued."   Samsung is at this point without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Amended Complaint, and therefore denies those allegations.

**F.     Claims for Patent Infringement and Declaratory Judgment**

56.     Samsung admits that SEA imports, owns, operates, and/or sells certain wireless communication products that Samsung markets as supporting 4G, 5G, and/or LTE connectivity. Samsung admits that SEA provides instruction manuals for various products sold in the U.S., and describes, markets, and/or advertises various products on the www.samsung.com/us website. Samsung denies the remaining allegations in paragraph 56 of the Amended Complaint.

57.     Samsung admits that is has had knowledge of the existence of the Asserted Patents as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 57 of the Amended Complaint.

58.     Samsung denies the allegations in paragraph 58 of the Amended Complaint.

59.     Samsung denies the allegations in paragraph 59 of the Amended Complaint.

60.     Samsung admits that Ericsson purports to accuse certain Samsung products. Samsung denies the remaining allegations in paragraph 60 of the Amended Complaint, including any allegation that such products infringe the Asserted Patents.

61.     Samsung admits that Ericsson purports to accuse certain Samsung products. Samsung denies the remaining allegations in paragraph 61 of the Amended Complaint, including any allegation that such products infringe the Asserted Patents.

62.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint, and therefore denies those allegations.

## COUNT I: BREACH OF CONTRACT

63.     Paragraph 63 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

64.     Paragraph 64 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

65.     Paragraph 65 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

66.     Paragraph 66 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

67.     Paragraph 67 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

68.     Paragraph 68 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

69.     Paragraph 69 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

70.     Paragraph 70 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

71.     Paragraph 71 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

72.     Paragraph 72 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

73.     Paragraph 73 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

74.     Paragraph 74 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

75.     Paragraph 75 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

76.     Paragraph 76 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## COUNT II: BREACH OF OBLIGATION TO NEGOTIATE IN GOOD FAITH

77.     Paragraph 77 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

78.     Paragraph 78 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

79.     Paragraph 79 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

80.     Paragraph 80 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

81.     Paragraph 81 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

82.     Paragraph 82 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## COUNT III: DECLARATORY JUDGMENT THAT ERICSSON HAS NOT BREACHED ITS FRAND COMMITMENT

83.     Paragraph 83 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

84.     Paragraph 84 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

85.     Paragraph 85 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

86.     Paragraph 86 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## COUNT IV: DECLARATORY JUDGMENT THAT SAMSUNG HAS BREACHED ITS FRAND COMMITMENT TO ERICSSON

87.     Paragraph 87 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

88.     Paragraph 88 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

89.     Paragraph 89 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

90.     Paragraph 90 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## COUNT V: DECLARATORY JUDGMENT THAT SAMSUNG HAS FAILED TO NEGOTIATE IN GOOD FAITH WITH ERICSSON

91.     Paragraph 91 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

92.     Paragraph 92 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

93.     Paragraph 93 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

94.     Paragraph 94 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

95.     Paragraph 95 is the subject of Samsung's contemporaneously filed motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## COUNT VI: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '805 PATENT

96.     Samsung repeats and incorporates by reference paragraphs 1–95 as though fully set forth herein.

97.     Samsung denies the allegations in paragraph 97 of the Amended Complaint.

98.     Samsung denies the allegations in paragraph 98 of the Amended Complaint.

99.     Samsung denies the allegations in paragraph 99 of the Amended Complaint.

100.    Samsung denies the allegations in paragraph 100 of the Amended Complaint.

101.    Samsung denies the allegations in paragraph 101 of the Amended Complaint.

102.    Samsung denies the allegations in paragraph 102 of the Amended Complaint.

103.    Samsung denies the allegations in paragraph 103 of the Amended Complaint.

104.     Samsung denies the allegations in paragraph 104 of the Amended Complaint.

105.     Samsung denies the allegations in paragraph 105 of the Amended Complaint.

106.     Samsung denies the allegations in paragraph 106 of the Amended Complaint.

107.     Samsung admits that it has had knowledge of the existence of the '805 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 107 of the Amended Complaint.

108.     Samsung denies the allegations in paragraph 108 of the Amended Complaint.

109.     Samsung denies the allegations in paragraph 109 of the Amended Complaint.

## COUNT VII: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '130 PATENT

110.     Samsung repeats and incorporates by reference paragraphs 1–109 as though fully set forth herein.

111.     Samsung denies the allegations in paragraph 111 of the Amended Complaint.

112.     Samsung denies the allegations in paragraph 112 of the Amended Complaint.

113.     Samsung denies the allegations in paragraph 113 of the Amended Complaint.

114.     Samsung denies the allegations in paragraph 114 of the Amended Complaint.

115.     Samsung denies the allegations in paragraph 115 of the Amended Complaint.

116.     Samsung denies the allegations in paragraph 116 of the Amended Complaint.

117.     Samsung denies the allegations in paragraph 117 of the Amended Complaint.

118.     Samsung denies the allegations in paragraph 118 of the Amended Complaint.

119.     Samsung admits that it has had knowledge of the existence of the '130 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 119 of the Amended Complaint.

120.     Samsung denies the allegations in paragraph 120 of the Amended Complaint.

121.     Samsung denies the allegations in paragraph 121 of the Amended Complaint.

## COUNT VII:[1] PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '239 PATENT

122.     Samsung repeats and incorporates by reference paragraphs 1–121 as though fully set forth herein.

123.     Samsung denies the allegations in paragraph 123 of the Amended Complaint.

124.     Samsung denies the allegations in paragraph 124 of the Amended Complaint.

125.     Samsung denies the allegations in paragraph 125 of the Amended Complaint.

126.     Samsung denies the allegations in paragraph 126 of the Amended Complaint.

127.     Samsung denies the allegations in paragraph 127 of the Amended Complaint.

128.     Samsung denies the allegations in paragraph 128 of the Amended Complaint.

129.     Samsung denies the allegations in paragraph 129 of the Amended Complaint.

130.     Samsung denies the allegations in paragraph 130 of the Amended Complaint.

131.     Samsung denies the allegations in paragraph 131 of the Amended Complaint.

132.     Samsung denies the allegations in paragraph 132 of the Amended Complaint.

133.     Samsung denies the allegations in paragraph 133 of the Amended Complaint.

134.     Samsung denies the allegations in paragraph 134 of the Amended Complaint.

135.     Samsung admits that it has had knowledge of the existence of the '239 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 135 of the Amended Complaint.

136.     Samsung denies the allegations in paragraph 136 of the Amended Complaint.

137.     Samsung denies the allegations in paragraph 137 of the Amended Complaint.

---

[1]     The Amended Complaint lists "Count VII" twice.

### COUNT VIII: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '355 PATENT

138.     Samsung repeats and incorporates by reference paragraphs 1–137 as though fully set forth herein.

139.     Samsung denies the allegations in paragraph 139 of the Amended Complaint.

140.     Samsung denies the allegations in paragraph 140 of the Amended Complaint.

141.     Samsung denies the allegations in paragraph 141 of the Amended Complaint.

142.     Samsung denies the allegations in paragraph 142 of the Amended Complaint.

143.     Samsung denies the allegations in paragraph 143 of the Amended Complaint.

144.     Samsung denies the allegations in paragraph 144 of the Amended Complaint.

145.     Samsung denies the allegations in paragraph 145 of the Amended Complaint.

146.     Samsung denies the allegations in paragraph 146 of the Amended Complaint.

147.     Samsung admits that it has had knowledge of the existence of the '355 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 147 of the Amended Complaint.

148.     Samsung denies the allegations in paragraph 148 of the Amended Complaint.

149.     Samsung denies the allegations in paragraph 149 of the Amended Complaint.

### COUNT IX: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '655 PATENT

150.     Samsung repeats and incorporates by reference paragraphs 1–149 as though fully set forth herein.

151.     Samsung denies the allegations in paragraph 151 of the Amended Complaint.

152.     Samsung denies the allegations in paragraph 152 of the Amended Complaint.

153.     Samsung denies the allegations in paragraph 153 of the Amended Complaint.

154.     Samsung denies the allegations in paragraph 154 of the Amended Complaint.

155.    Samsung denies the allegations in paragraph 155 of the Amended Complaint.

156.    Samsung denies the allegations in paragraph 156 of the Amended Complaint.

157.    Samsung denies the allegations in paragraph 157 of the Amended Complaint.

158.    Samsung denies the allegations in paragraph 158 of the Amended Complaint.

159.    Samsung admits that it has had knowledge of the existence of the '655 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 159 of the Amended Complaint.

160.    Samsung denies the allegations in paragraph 160 of the Amended Complaint.

161.    Samsung denies the allegations in paragraph 161 of the Amended Complaint.

162.    Samsung denies the allegations in paragraph 162 of the Amended Complaint.

## COUNT X: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '600 PATENT

163.    Samsung repeats and incorporates by reference paragraphs 1–162 as though fully set forth herein.

164.    Samsung denies the allegations in paragraph 164 of the Amended Complaint.

165.    Samsung denies the allegations in paragraph 165 of the Amended Complaint.

166.    Samsung denies the allegations in paragraph 166 of the Amended Complaint.

167.    Samsung denies the allegations in paragraph 167 of the Amended Complaint.

168.    Samsung denies the allegations in paragraph 168 of the Amended Complaint.

169.    Samsung denies the allegations in paragraph 169 of the Amended Complaint.

170.    Samsung denies the allegations in paragraph 170 of the Amended Complaint.

171.    Samsung denies the allegations in paragraph 171 of the Amended Complaint.

172.    Samsung denies the allegations in paragraph 172 of the Amended Complaint.

173.     Samsung admits that it has had knowledge of the existence of the '600 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 173 of the Amended Complaint.

174.     Samsung denies the allegations in paragraph 174 of the Amended Complaint.

175.     Samsung denies the allegations in paragraph 175 of the Amended Complaint.

176.     Samsung denies the allegations in paragraph 176 of the Amended Complaint.

## COUNT XI: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT INFRINGEMENT OF THE '817 PATENT

177.     Samsung repeats and incorporates by reference paragraphs 1–176 as though fully set forth herein.

178.     Samsung denies the allegations in paragraph 178 of the Amended Complaint.

179.     Samsung denies the allegations in paragraph 179 of the Amended Complaint.

180.     Samsung denies the allegations in paragraph 180 of the Amended Complaint.

181.     Samsung denies the allegations in paragraph 181 of the Amended Complaint.

182.     Samsung denies the allegations in paragraph 182 of the Amended Complaint.

183.     Samsung denies the allegations in paragraph 183 of the Amended Complaint.

184.     Samsung denies the allegations in paragraph 184 of the Amended Complaint.

185.     Samsung denies the allegations in paragraph 185 of the Amended Complaint.

186.     Samsung admits that it has had knowledge of the existence of the '817 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 186 of the Amended Complaint.

187.     Samsung denies the allegations in paragraph 187 of the Amended Complaint.

188.     Samsung denies the allegations in paragraph 188 of the Amended Complaint.

189.     Samsung denies the allegations in paragraph 189 of the Amended Complaint.

**COUNT XII: PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF
PATENT INFRINGEMENT OF THE '513 PATENT**

190.     Samsung repeats and incorporates by reference paragraphs 1–189 as though fully set forth herein.

191.     Samsung denies the allegations in paragraph 191 of the Amended Complaint.

192.     Samsung denies the allegations in paragraph 192 of the Amended Complaint.

193.     Samsung denies the allegations in paragraph 193 of the Amended Complaint.

194.     Samsung denies the allegations in paragraph 194 of the Amended Complaint.

195.     Samsung denies the allegations in paragraph 195 of the Amended Complaint.

196.     Samsung denies the allegations in paragraph 196 of the Amended Complaint.

197.     Samsung denies the allegations in paragraph 197 of the Amended Complaint.

198.     Samsung denies the allegations in paragraph 198 of the Amended Complaint.

199.     Samsung denies the allegations in paragraph 199 of the Amended Complaint.

200.     Samsung admits that it has had knowledge of the existence of the '513 Patent as of the date that Ericsson's First Amended Complaint was served.  Samsung denies the remaining allegations in paragraph 200 of the Amended Complaint.

201.     Samsung denies the allegations in paragraph 201 of the Amended Complaint.

202.     Samsung denies the allegations in paragraph 202 of the Amended Complaint.

203.     Samsung denies the allegations in paragraph 203 of the Amended Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Samsung denies that Ericsson is entitled to any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Samsung asserts the following defenses in response to the allegations of Ericsson's Amended Complaint with respect to Counts VI through XII, undertaking the burden of proof only

as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Samsung reserves all rights to allege additional defenses that become known through the course of discovery or further investigation.  Samsung reserves the right to argue any defense, including as to non-infringement, invalidity, unenforceability, and/or remedy.

## FIRST DEFENSE
### (Non-Infringement)

Samsung does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

The Asserted Patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Statutory Damages Limitation)

Ericsson's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

## FOURTH DEFENSE
### (No Equitable Relief)

Ericsson is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Samsung's actions.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

Ericsson's claims are barred in whole or in part by prosecution history estoppel.  Ericsson is estopped, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the Asserted Patents.

## SIXTH DEFENSE
### (Lack of Standing)

To the extent that Ericsson, or any individual Ericsson entity, lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Asserted Patents, Ericsson's claims are barred by a lack of standing.

## SEVENTH DEFENSE
### (No Exceptional Case)

Samsung has not engaged in any conduct that would make this an exceptional case that would entitle Ericsson to an award of attorneys' fees.

## EIGHTH DEFENSE
### (No Willful Infringement)

Ericsson's claims for enhanced damages, if any, and an award of fees and costs against the Samsung Defendants have no basis in fact or law and should be denied.

## NINTH DEFENSE
### (Covenant Not to Sue, License, and/or Patent Exhaustion)

Samsung and Ericsson entered into a 2014 Patent License Agreement ("2014 Agreement") between the parties, by which Samsung received, among other things, certain rights related to the Asserted Patents.  Samsung had an express and/or implied license to manufacture, use, import, and sell products licensed under the 2014 Agreement from at least February 1, 2014 until at least December 31, 2020.  Ericsson is not entitled to damages or any other remedy for Samsung's manufacture, use, importation, or sale of products licensed under the 2014 Agreement.  Further,

Ericsson's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing acts or products or components thereof are subject to a license, covenant not to sue or other equivalent agreement covering the Asserted Patents.

**TENTH DEFENSE**
**(Non-Disclosure Agreement)**

Ericsson cannot introduce materials subject to the parties' non-disclosure agreement and claims or assertions that rely upon such materials are contractually barred.

**ELEVENTH DEFENSE**
**(Damages Limitation)**

To the extent that Ericsson claims any of the Asserted Patents are essential to a wireless standard, Ericsson's recovery for alleged infringement of the Asserted Patents, if any, is limited by obligations to license such patents on fair, reasonable, and non-discriminatory ("FRAND") terms.

**TWELFTH DEFENSE**
**(Limitations For Sales Covered By 28 U.S.C. § 1498(a))**

Ericsson's remedies, if any, are limited under 28 U.S.C. § 1498(a) to the extent that Ericsson accuses products that are provided, made, or used by or for the government of the United States of America.

**THIRTEENTH DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with respect to Counts VI through XII.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES OR COUNTERCLAIMS**

Samsung reserves the right to amend or supplement its Answer.  Samsung has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and

rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of this action.  Samsung continues to investigate this matter and reserves the right to amend or seek to amend its Answer to assert any additional defenses or counterclaims.

## SAMSUNG'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America ("SRA") (collectively, "Samsung" or "Counter-Claim Plaintiffs") counterclaim against Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Ericsson" or "Counterclaim-Defendants") and, in support thereof, allege the following:

## NATURE OF THE ACTION

1.      SEC and its subsidiaries are world leaders in electronics, specializing in wireless communications, digital appliances and media, semiconductors, memory and system integration. Today, Samsung's innovative and top-quality products and processes are world recognized.  Many of these advances concern Samsung's innovative wireless communications business, including both wireless communications devices ranging from smart-phones to tablets as well as the hardware that supports the networks to which those devices connect.  For example, Samsung's pioneering development of industry leading smartphone technology relating to touchscreens, cameras, industrial design, and other features have been widely recognized and have led to significant commercial success of Samsung products.  Samsung's commitment to research and development has also led to a patent portfolio containing numerous patents, including thousands of standards essential patents.

2.      Samsung and Ericsson were previously licensed to each others' relevant patents under a 2014 cross license agreement.  Before the 2014 license agreement expired on December 31, 2020, the parties engaged in negotiations for a new license but were unsuccessful in reaching

an agreement.  Samsung made a cross license proposal, which Ericsson refused.  Upon expiration of the 2014 cross license agreement, Ericsson filed its amended complaint alleging infringement of eight alleged standards essential patents and alleging breach of FRAND by Samsung for its conduct during negotiations.  Samsung, however, has negotiated in good faith and consistent with its FRAND obligations, remains willing to enter into a new cross license agreement with Ericsson on FRAND terms, and, despite Ericsson's accusations, continues to believe the parties should resolve their differences consistent with their FRAND obligations.  Given Ericsson's accusations and assertion of eight of its ETSI-declared patents in this case against Samsung, SEC now brings this counterclaim action for infringement of eight of its own patents for which Samsung has filed ETSI declarations in order to avoid a one-sided patent litigation and ensure the jury hears Samsung's side.  In doing so, SEC only seeks the same form of relief on its patents as Ericsson seeks from Samsung on its patents.  Specifically, SEC alleges infringement of its U.S. Patent Nos. 8,717,905 ("'905 Patent"), 9,525,513 ("'513 Patent"), 9,794,047 ("'047 Patent"), 10,455,621 ("'621 Patent"), 10,531,496 ("'496 Patent"), 10,595,268 ("'268 Patent"), 10,771,223 ("'223 Patent"), and 10,856,325 ("'325 Patent") (the "Counterclaim Patents"), as well as an action for non-infringement and invalidity of the Asserted Patents (the '805 patent, '130 patent, '239 patent, '355 patent, '655 patent, '600 patent, '817 patent, and '513 patent) pursuant to the Patent Laws of the United States of America, 35 U.S.C. §§ 100 et seq.

## **PARTIES**

3.      Counterclaim-Plaintiff Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129 Samsung-ro, Maetan-3dong, Yeongtong-gu Suwon-si, Gyeonggi-do 16677.

4.      Counterclaim-Plaintiff Samsung Electronics America, Inc. ("SEA") is incorporated under the laws of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey, 07660.

5.      Counterclaim-Plaintiff Samsung Research America, Inc. ("SRA") is incorporated under the laws of Delaware with its principal place of business at 665 Clyde Avenue, Mountain View, California, 94043.

6.      Counterclaim-Defendant Telefonaktiebolaget LM Ericsson purports to be a corporation organized and existing under the laws of the Kingdom of Sweden, having its principal place of business at Torshamnsgatan 21, Kista, SE-164 83, Stockholm, Sweden.

7.      Counterclaim-Defendant Ericsson Inc. purports to be a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Counterclaim-Plaintiffs' Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Furthermore, an actual, substantial, and continuing justiciable controversy exists between Counterclaim-Plaintiffs and Ericsson based on Ericsson having filed an Amended Complaint against Counterclaim-Plaintiffs alleging infringement of the Asserted Patents, with respect to which Counterclaim-Plaintiffs require a declaration of their rights by this Court.  The controversy concerns the invalidity and non-infringement of the Asserted Patents, and Ericsson's infringement of the Counterclaim Patents.

9.      The Court has personal jurisdiction over Ericsson, *inter alia*, because Ericsson has submitted to the personal jurisdiction of this Court by filing the Amended Complaint.

10.      Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, *inter alia*, Ericsson has submitted to the venue of this Court by filing its Amended Complaint here.  However, Counterclaim-Plaintiffs reserve the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## BACKGROUND

11.      SEC and its subsidiaries, including SEA and SRA, are world leaders in electronics, specializing in wireless communications, semiconductors, digital appliances and media, memory, and system integration.  Originally founded in 1938, SEC has grown to become a world leader in the design, manufacture, and marketing of a wide variety of electronic products.  SEC is one of the largest manufacturers of wireless communications devices and cellular network equipment in the world and has long focused on the United States as a critical market for its products.  SEC established SEA and SRA to engage in activities in the United States related to certain of Samsung's product lines.

12.      SEC and its subsidiaries, including SEA and SRA, have one of the largest Research and Development budgets globally and have been instrumental in making 5G a commercial reality by helping launch some of the first 5G networks.  Samsung's investments in innovative and top-quality products and processes include investments in the field of wireless communications. Samsung's industry advancements include cutting-edge wireless communication devices like smartphones and tablets, as well as the hardware and software that comprises the networks to which those devices connect, including wireless 5G base stations.  Additional information concerning Samsung can be obtained from SEC's 2019 Annual Report.

13.      In the United States, SEA and SRA have been involved with numerous activities relating to the commercialization, engineering, research and development, testing, customer

service, importation, sales, marketing, and distribution of wireless communication devices, including base stations and mobile devices (including smartphones, tablets, smartwatches, and mobile accessories) that communicate using the cellular standards, including 5G.  In the last two years, SEA has provided substantial network infrastructure equipment to U.S. carriers including Verizon, Sprint/T-Mobile, and AT&T, and has provided tens of millions of mobile devices in the United States.  SEA has also invested and continues to invest significantly in the United States in the above activities, including mobile research and development programs.

14.     SEC has a patent portfolio containing thousands of standards essential patents based on Samsung's investments in research and development.  For example, Samsung Electronics has been ranked first in the number of granted patents for 5G.  *See* https://news.samsung.com/us/samsung-leader-patents-granted-5g-iplytics/.  Samsung has offered Ericsson licenses to its standards essential patent portfolios on FRAND terms, but Ericsson has rejected those offers and has failed to provide a reasonable counterproposal.  As a result, Ericsson is infringing Samsung's standards essential patents without a license.

15.     On information and belief, Ericsson has signed contracts with cellular service providers in the United States to install base station equipment for 5G networks.  In Ericsson's 2019 Annual Report, the company stated "Ericsson led the way in 2019, deploying 54 live 5G networks in 44 unique markets across all major operators in the US."  Ericsson's website lists the company's current public contracts with 5G providers in the United States, including AT&T, Verizon, Sprint, T-Mobile, GCI, Rural Independent Network Alliance (RINA) Wireless, US Cellular, and Nex-Tech Wireless.  On information and belief, Ericsson's infringing products have been and are being imported into the United States for use in engineering, testing, and constructing 5G networks, or portions thereof, under these contracts.

16.     On information and belief, Ericsson makes, uses, sells, offers for sale within the United States, and/or imports into the United States the infringing products, including the Street Macro 6701.  *See* Exhibit 1 [EXHIBIT 13 FROM -0010 ANSWER] (exemplary product overview).  For example, in 2019, Ericsson applied for FCC certification for its Street Macro radio, a base station radio used in 5G networks.  *See* Exhibit 2 [EXHIBIT 14 FROM -0010 ANSWER] (exemplary test report).  Additional exemplary accused products include but are not limited to the Air 6468 and Base Band 6630—which on information and belief contain the same modem chip— as well as the Air 1281, Air 5121, Air 5331, Base Band 5216, Base Band 6648, and Multi-Standard Digital Unit 41.

17.     On information and belief, Ericsson makes, uses, sells, offers for sale within the United States, and/or imports into the United States the infringing products, including products that Ericsson represents support "4G, "5G," and/or "LTE" connectivity.  *See, e.g.,* https://www.ericsson.com/en/5g, https://www.ericsson.com/en/5g/what-is-5g?, https://www.ericsson.com/en/portfolio/networks/ericsson-radio-system/radio-system-software/lte-radio-access-network.  Additional exemplary accused products include but are not limited to Ericsson gNBs implementing the 5G 3GPP standards and Ericsson eNBs implementing the LTE 3GPP standards.  Ericsson's above-listed products ("Accused Products") infringe each of the Counterclaim Patents based on at least their practice of 4G standards, including the 4G LTE 3GPP standard, and/or their practice of the 5G standards, including 5G NR 3GPP standard.  The application of which Accused Product infringe each Counterclaim Patent is detailed in the attached claim charts.

18.     Samsung acknowledges that damages sought for infringement of Samsung SEPs are, similar to damages for alleged infringement of Ericsson SEPs, subject to FRAND commitments.

19.     The allegations provided are exemplary and without prejudice to SEC's infringement contentions provided pursuant to the Court's scheduling order and Local Rules. SEC's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and Local Rules.  SEC's analysis should not be taken as an admission that the preamble of each of the claims is limiting, and SEC reserves the right to argue that the preamble is not limiting for any of the claims.  While publicly available information is discussed and/or cited, SEC may rely on other forms of evidence to show infringement.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

20.     Samsung repeats and incorporates by reference paragraphs 1 through 19 above as though fully set forth herein.

21.     Samsung has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the Asserted Patents and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

22.     An actual controversy exists between Samsung and Ericsson based on Ericsson having filed its Amended Complaint against Samsung alleging infringement of the Asserted Patents.

23.     Samsung has been injured and damaged by Ericsson filing its Amended Complaint alleging Samsung infringes patents that Samsung does not infringe.

24.    Samsung therefore seeks a declaration that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the Asserted Patents.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

25.    Samsung repeats and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26.    One or more of the claims of the Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 100, 101, 102, 103, and 112.

27.    An actual controversy exists between Samsung and Ericsson based on Ericsson having filed its Amended Complaint against Samsung alleging infringement of the Asserted Patents.

28.    Samsung has been injured and damaged by Ericsson filing its Amended Complaint asserting invalid patents.

29.    Samsung therefore seek a declaration that one or more of the claims of the Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 et seq.

## THIRD COUNTERCLAIM
## (INFRINGEMENT OF U.S. PATENT NO. 8,717,905)

30.    Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

31.    U.S. Patent No. 8,717,905 ("'905 patent") is entitled "Apparatus and Method for Adaptive Channel Quality Feedback in a Multicarrier Wireless Network" and issued May 6, 2014. A copy of the '905 Patent is attached hereto as Exhibit 3.

32.     SEC is the owner of all rights, title, and interest in and to the '905 Patent and is entitled to sue for past and future infringement.

33.     Ericsson received actual notice of the '905 Patent at least through the filing of this Counterclaim.

34.     Ericsson has directly infringed the '905 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States LTE and 5G wireless communications equipment that practice one or more claims of the '905 Patent, examples of which are LTE and 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 4, such infringing products practice at least one claim of the '905 Patent.

35.     Ericsson indirectly infringes the '905 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including LTE and 5G network service providers who deploy infringing products in their LTE and 5G networks, to commit direct infringement of one or more claims of the '905 Patent. Service providers who deploy and make routine use of the infringing products in their LTE and 5G networks directly infringe the '905 Patent.

36.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their LTE and 5G networks to perform acts intended by Ericsson to cause direct infringement of the '905 Patent.

37.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '905 Patent and that its own acts induce such infringement.

38.     Ericsson also indirectly infringes the '905 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '905 Patent by others, including LTE and 5G network service providers who deploy the infringing products in their LTE and 5G networks.

39.     Ericsson's affirmative acts of selling infringing LTE and 5G products and providing those products to service providers contribute to the infringement of the '905 Patent. The infringing products are specially made or adapted for use in infringement of the '905 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

40.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '905 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

41.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '905 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

42.     Ericsson's continued infringement of the '905 Patent has damaged and will continue to damage SEC.

## FOURTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 9,525,513)

43.     Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44.     U.S. Patent No. 9,525,513 ("'513 patent") is entitled "Methods and Apparatus to Improve Performance and Enable Fast Decoding of Transmissions with Multiple Code Blocks" and issued December 20, 2016. A copy of the '513 Patent is attached hereto as Exhibit 5.

45.     SEC is the owner of all rights, title, and interest in and to the '513 Patent and is entitled to sue for past and future infringement.

46.     Ericsson received actual notice of the '513 Patent at least through the filing of this Counterclaim.

47.     Ericsson has directly infringed the '513 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '513 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 6, such infringing products practice at least one claim of the '513 Patent.

48.     Ericsson indirectly infringes the '513 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '513 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '513 Patent.

49.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '513 Patent.

50.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of

this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '513 Patent and that its own acts induce such infringement.

51.    Ericsson also indirectly infringes the '513 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '513 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

52.    Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '513 Patent. The infringing products are specially made or adapted for use in infringement of the '513 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

53.    Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '513 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

54.    Ericsson's infringement has been and continues to be willful and in reckless disregard for the '513 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

55.    Ericsson's continued infringement of the '513 Patent has damaged and will continue to damage SEC.

## FIFTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 9,794,047)

56.    Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 55 above as though fully set forth herein.

57.     U.S. Patent No. 9,794,047 ("'047 patent") is entitled "Method and Apparatus for Configuring Aggregate Maximum Bit Rate" and issued October 17, 2017. A copy of the '047 Patent is attached hereto as Exhibit 7.

58.     SEC is the owner of all rights, title, and interest in and to the '047 Patent and is entitled to sue for past and future infringement.

59.     Ericsson received actual notice of the '047 Patent at least through the filing of this Counterclaim.

60.     Ericsson has directly infringed the '047 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '047 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 8, such infringing products practice at least one claim of the '047 Patent.

61.     Ericsson indirectly infringes the '047 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '047 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '047 Patent.

62.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '047 Patent.

63.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of

this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '047 Patent and that its own acts induce such infringement.

64.     Ericsson also indirectly infringes the '047 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '047 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

65.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '047 Patent. The infringing products are specially made or adapted for use in infringement of the '047 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

66.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '047 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

67.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '047 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

68.     Ericsson's continued infringement of the '047 Patent has damaged and will continue to damage SEC.

### SIXTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 10,455,621)

69.     Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 68 above as though fully set forth herein.

70.     U.S. Patent No. 10,455,621 ("'621 patent") is entitled "Apparatus and Method for Signaling System Information" and issued October 22, 2019. A copy of the '621 Patent is attached hereto as Exhibit 9.

71.     SEC is the owner of all rights, title, and interest in and to the '621 Patent and is entitled to sue for past and future infringement.

72.     Ericsson received actual notice of the '621 Patent at least through the filing of this Counterclaim.

73.     Ericsson has directly infringed the '621 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '621 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 10, such infringing products practice at least one claim of the '621 Patent.

74.     Ericsson indirectly infringes the '621 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '621 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '621 Patent.

75.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '621 Patent.

76.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of

this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '621 Patent and that its own acts induce such infringement.

77.     Ericsson also indirectly infringes the '621 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '621 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

78.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '621 Patent. The infringing products are specially made or adapted for use in infringement of the '621 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

79.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '621 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

80.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '621 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

81.     Ericsson's continued infringement of the '621 Patent has damaged and will continue to damage SEC.

## SEVENTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 10,531,496)

82.     Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 81 above as though fully set forth herein.

83. U.S. Patent No. 10,531,496 ("'496 patent") is entitled "Apparatus and Method for Signaling System Information" and issued January 7, 2020. A copy of the '496 Patent is attached hereto as Exhibit 11.

84. SEC is the owner of all rights, title, and interest in and to the '496 Patent and is entitled to sue for past and future infringement.

85. Ericsson received actual notice of the '496 Patent at least through the filing of this Counterclaim.

86. Ericsson has directly infringed the '496 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '496 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 12, such infringing products practice at least one claim of the '496 Patent.

87. Ericsson indirectly infringes the '496 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '496 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '496 Patent.

88. Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '496 Patent.

89. Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of

this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '496 Patent and that its own acts induce such infringement.

90.     Ericsson also indirectly infringes the '496 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '496 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

91.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '496 Patent. The infringing products are specially made or adapted for use in infringement of the '496 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

92.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '496 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

93.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '496 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

94.     Ericsson's continued infringement of the '496 Patent has damaged and will continue to damage SEC.

### EIGHTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 10,595,268)

95.     Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 94 above as though fully set forth herein.

96.     U.S. Patent No. 10,595,268 ("'268 patent") is entitled "Network Slice-Available Area Information Acquisition Method" and issued March 17, 2020. A copy of the '268 Patent is attached hereto as Exhibit 13.

97.     SEC is the owner of all rights, title, and interest in and to the '268 Patent and is entitled to sue for past and future infringement.

98.     Ericsson received actual notice of the '268 Patent at least through the filing of this Counterclaim.

99.     Ericsson has directly infringed the '268 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '268 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 14, such infringing products practice at least one claim of the '268 Patent.

100.    Ericsson indirectly infringes the '268 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '268 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '268 Patent.

101.    Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '268 Patent.

102.    Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of

this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '268 Patent and that its own acts induce such infringement.

103.    Ericsson also indirectly infringes the '268 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '268 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

104.    Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '268 Patent. The infringing products are specially made or adapted for use in infringement of the '268 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

105.    Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '268 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

106.    Ericsson's infringement has been and continues to be willful and in reckless disregard for the '268 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

107.    Ericsson's continued infringement of the '268 Patent has damaged and will continue to damage SEC.

## NINTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 10,771,223)

108.    Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 107 above as though fully set forth herein.

109.    U.S. Patent No. 10,771,223 ("'223 patent") is entitled "Method and Apparatus for Allocating and Signaling ACK/NACK Resources in a Wireless Communication System" and issued September 8, 2020. A copy of the '223 Patent is attached hereto as Exhibit 15.

110.    SEC is the owner of all rights, title, and interest in and to the '223 Patent and is entitled to sue for past and future infringement.

111.    Ericsson received actual notice of the '223 Patent at least through the filing of this Counterclaim.

112.    Ericsson has directly infringed the '223 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States LTE and 5G wireless communications equipment that practice one or more claims of the '223 Patent, examples of which are LTE and 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 16, such infringing products practice at least one claim of the '223 Patent.

113.    Ericsson indirectly infringes the '223 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including LTE and 5G network service providers who deploy infringing products in their LTE and 5G networks, to commit direct infringement of one or more claims of the '223 Patent. Service providers who deploy and make routine use of the infringing products in their LTE and 5G networks directly infringe the '223 Patent.

114.    Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their LTE and 5G networks to perform acts intended by Ericsson to cause direct infringement of the '223 Patent.

115.    Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '223 Patent and that its own acts induce such infringement.

116.    Ericsson also indirectly infringes the '223 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '223 Patent by others, including LTE and 5G network service providers who deploy the infringing products in their LTE and 5G networks.

117.    Ericsson's affirmative acts of selling infringing LTE and 5G products and providing those products to service providers contribute to the infringement of the '223 Patent. The infringing products are specially made or adapted for use in infringement of the '223 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

118.    Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '223 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

119.    Ericsson's infringement has been and continues to be willful and in reckless disregard for the '223 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

120.    Ericsson's continued infringement of the '223 Patent has damaged and will continue to damage SEC.

## **TENTH COUNTERCLAIM**

**(INFRINGEMENT OF U.S. PATENT NO. 10,856,325)**

121.     Counterclaim-Plaintiff SEC repeats and incorporates by reference paragraphs 1 through 120 above as though fully set forth herein.

122.     U.S. Patent No. 10,856,325 ("'325 patent") is entitled "System Access Method and Apparatus of a Narrowband Terminal in a Wireless Communication System Supporting Wideband and Narrowband Terminals" and issued December 1, 2020. A copy of the '325 Patent is attached hereto as Exhibit 17.

123.     SEC is the owner of all rights, title, and interest in and to the '325 Patent and is entitled to sue for past and future infringement.

124.     Ericsson received actual notice of the '325 Patent at least through the filing of this Counterclaim.

125.     Ericsson has directly infringed the '325 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States 5G wireless communications equipment that practice one or more claims of the '325 Patent, examples of which are 5G compliant Ericsson base stations and Ericsson Radio System products, as well as but not limited to the other exemplary Accused Products listed above in Paragraphs 16 and 17. As shown in the claim chart attached as Exhibit 18, such infringing products practice at least one claim of the '325 Patent.

126.     Ericsson indirectly infringes the '325 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '325 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '325 Patent.

127. Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '325 Patent.

128. Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '325 Patent and that its own acts induce such infringement.

129. Ericsson also indirectly infringes the '325 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '325 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

130. Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '325 Patent. The infringing products are specially made or adapted for use in infringement of the '325 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

131. Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '325 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

132. Ericsson's infringement has been and continues to be willful and in reckless disregard for the '325 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

133.    Ericsson's continued infringement of the '325 Patent has damaged and will continue to damage SEC.

## RESERVATION OF RIGHTS TO ASSERT
## ADDITIONAL DEFENSES OR COUNTERCLAIMS

Samsung reserves the right to supplement its Counterclaims.  Samsung has not knowingly or intentionally waived any counterclaims, and reserves the right to assert and rely upon other counterclaims, including any counterclaims that may become available or apparent throughout the course of this action.  Samsung continues to investigate this matter and reserve the right to amend or seek to amend its Counterclaims.

## EXCEPTIONAL CASE

This case is an exceptional case entitling Samsung to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays for the following relief:

A.      Judgment against Ericsson dismissing Counts VI through XII of the Amended Complaint and denying with prejudice all relief requested in Ericsson's Amended Complaint and its prayer therein with respect to said Counts;

B.      Judgement that Samsung does not infringe the Asserted Patents;

C.      Judgment that the Asserted Patents are invalid.

D.      For entry of judgment and declaration by this Court against Ericsson and in favor of SEC in all respects as to counterclaims three through ten, including that:

1.      The Counterclaim Patents are valid and enforceable;

2.      Ericsson has and continues to directly infringe and/or indirectly infringe, by way of inducement and/or contributory infringement, the Counterclaim Patents;

3.      Ericsson's infringement of the Counterclaim Patents was willful and that Ericsson's continued infringement of the Counterclaim Patents is willful;

E.      For damages arising from Ericsson's infringement of the Counterclaim Patents, together with pre-judgment and post-judgment interest, and that such damages be trebled as provided by 35 U.S.C. § 284;

F.      An order declaring that Samsung is the prevailing party and that this is an exceptional case, awarding Samsung its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

G.      Judgement awarding Samsung such other and further relief as this Court may deem just and proper.

Date: March 11, 2021

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa Richards Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Gregory S. Arovas, P.C.
greg.arovas@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C.
edward.donovan@kirkland.com
F. Christopher Mizzo, P.C.
chris.mizzo@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

David Rokach, P.C.
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60645
Telephone: (312) 862-2000
Facsimile: (202) 862-2200

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com

Andrew R. Kopsidas
D.C. Bar No. 476237
ARK@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Kevin Su
MA Bar No. 663726
su@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 378-5099

Thomas H. Reger, II
TX Bar No. 24032992
reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

***Attorneys for Samsung Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 11, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*