IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. AND<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>      Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO. LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>AND SAMSUNG RESEARCH AMERICA<br><br>      Defendants | Civil Action No. 2:20-cv-380-JRG |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
ERICSSON'S FRAND-RELATED CLAIMS (COUNTS I -V)**

**TABLE OF CONTENTS**

                                                                                                              **Page**

A.    The Relief Sought By Samsung Follows From the Court's *Optis* Decisions. .................... 1

B.    Ericsson's Attempt to Conflate Legal Standards Fails to Support its Claims. ................... 3

C.    There is No Diversity for Ericsson's Breach of Contract Claims (Counts I-II). ............... 4

D.    Samsung's Motion Should be Addressed on The Pleadings. ............................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Corfield v. Dallas Glen Hills LP*,
  355 F.3d 853 (5th Cir. 2003) ..................................................................................................5

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2019 WL 4734950 (E.D. Tex. May 22, 2019) ...........................2, 3

*In re Kieslich*,
  258 F.3d 968 (9th Cir. 2001) ..................................................................................................3

*Melder v. Allstate Corp.*,
  404 F.3d 328 (5th Cir. 2005) ..................................................................................................5

*Optis Wireless Tech., LLC v. Apple Inc.*,
  No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020)......................... *passim*

*Voda v. Cordis Corp.*,
  476 F.3d at 905 ...............................................................................................................1, 2, 4

**Rules**

Local Rule CV-5(a)(3)....................................................................................................................7

Ericsson's opposition hinges on attempting to sidestep the Court's *Optis* decisions that declined jurisdiction over FRAND issues relating to "obligations under foreign laws" or "foreign patents" based on facts essentially identical to those here. Rather than substantively address this precedent, Ericsson raises irrelevant distinctions, such as the fact that it is a "large practicing entit[y]," and irrelevant legal issues, such as stays based on federal abstention due to parallel proceedings. None of this impacts the Court's reasoning under the Federal Circuit *Voda* decision.

Further, no diversity exists for Ericsson's claims regarding breach of licensing obligations for Samsung SEPs. Ericsson does not dispute that these SEPs are owned only by Samsung's foreign entity. None of Ericsson's arguments regarding involvement of Samsung's U.S. entities in other issues, such as alleged infringement or cross-licensing, provide a basis to accuse these entities of breaching licensing obligations for SEPs that they do not own. There is also no dispute that, absent these U.S. entities as defendants, no diversity exists for the breach of contract claims.

In short, none of Ericsson's arguments distinguish this case from the Court's previous rulings that decline jurisdiction over foreign patents and foreign law for FRAND claims that rely on either declaratory or supplemental jurisdiction. Dismissal is appropriate here too.

### A.     The Relief Sought By Samsung Follows From the Court's *Optis* Decisions.

The Court previously held that "any portion of [a FRAND claim] that seeks a declaration that Plaintiffs have complied with their obligations under foreign laws or as they relate to foreign patents . . . are dismissed." *Optis Wireless Tech., LLC v. Apple Inc.,* No. 2:19-CV-00066-JRG, 2020 WL 999463, at *3 (E.D. Tex. Mar. 2, 2020). Such claims were subsequently fully dismissed where the plaintiff failed at trial to show "any offer to [the defendant] for U.S.-only patents." *Id.,* Dkt. 542 at 18 (E.D. Tex. Jan. 22, 2021).

Ericsson complains that Samsung is "[l]umping this case with *Huawei* and *Apple*" (Dkt.

1

81 (3/17 Opp.) at 8), but does not contest the facts that render those cases essentially identical to this one.  For example, Ericsson does not contest that it seeks declaratory rulings on FRAND issues for *foreign patents* and on FRAND obligations under *foreign laws*.  Dkt. 63 (3/2 Mot.) at 7-8; Dkt. 17 (1/1 Amend. Comp.) at ¶ 86.  Further, Ericsson does not contest that the parties' negotiations here related only to a *global* cross-license—and that neither discovery nor trial will uncover offers directed to U.S. patents, because no such offers exist.  Dkt. 63 (3/2 Mot.) at 8.

Rather than substantively addressing the Court's precedent, Ericsson asserts it should be disregarded because "both parties here are large practicing entities," "both parties do substantial business in . . . the United States," and "both parties' negotiating conduct for a cross-license is in issue."  Dkt. 81 (3/17 Opp.) at 8.  But this has no connection to the reasoning of the previous rulings and provides no basis for jurisdiction over foreign issues.  For example, Ericsson's assertion that this case involves two large parties (while the previous cases each involved a large party only as defendant)—amounts to an assertion that a large company plaintiff deserves a more favorable legal standard than a small plaintiff.  It should go without saying that this is incorrect.

Ericsson's arguments about discretionary factors are likewise incorrect.  *Id.* at 8-9.  The relevant factors were considered in *Voda* and found to weigh against jurisdiction over foreign issues.  Ericsson's assertion that *Voda* does not apply to contract claims (*id.* at 10) contradicts the Court's ruling that "'[i]t is hard to see how the reasoning in *Voda* would not apply to a hypothetical breach of contract claim,' such as a FRAND claim."  *Optis,* 2020 WL 999463, at *3.  Ericsson's assertion that *Voda* is limited to supplemental jurisdiction cases was also rejected by the Court.  *Id.* (explaining that declaratory relief "is always discretionary").

Further, Ericsson is incorrect that precedent of other courts requires adjudication of FRAND claims on foreign patents and laws.  In the *TCL*, *Motorola,* and *HTC* cases, the parties

2

jointly requested global FRAND rulings.[1]  These cases have no bearing on Ericsson's unilateral request here for global rulings that the Court has previously declined to provide on discretionary grounds.  Contrary to Ericsson's assertion, discretionary issues of this nature can be addressed by party consent and need not have been raised *sua sponte* in the other actions.  *See, e.g., In re Kieslich,* 258 F.3d 968, 970 (9th Cir. 2001) ("a party waives any objection to the district court's exercise of its discretion to retain jurisdiction over such supplemental claims when the party fails to raise its objection at the trial level").  Thus, none of the cases cited by Ericsson suggest a different approach than the Court's *Optis* decisions.

### B.  Ericsson's Attempt to Conflate Legal Standards Fails to Support its Claims.

The Court has previously recognized that a declaratory judgment claim "is always discretionary." *Optis*, 2020 WL 999463, at *3.  Ericsson nevertheless argues that "exceptional circumstances" are needed to decline jurisdiction here because some of the claims in this action are "coercive." Dkt. 81 (3/17 Opp.) at 10-11.  But the cases relied on by Ericsson for this proposition relate to staying a case under the doctrine of federal abstention due to parallel proceedings. *Id.*  That has no bearing here because Samsung is not relying on federal abstention and does not seek to stay the case.  Rather, Samsung made targeted requests for dismissal, at least in part, of: i) declaratory judgment claims, under an exercise of declaratory discretion[2], and ii) supplemental jurisdiction claims, under an exercise of supplemental jurisdiction discretion.

Ericsson is also incorrect that dismissal requires an overlapping parallel proceeding in another Court. *Id.* at 12-14.  That is an element of federal abstention, which is not at issue here.

---

[1] *See, e.g., HTC Corp. v. Telefonaktiebolaget LM Ericsson,* No. 6:18-CV-00243-JRG, 2019 WL 4734950, at *5 (E.D. Tex. May 22, 2019) (noting that both parties requested FRAND declarations).  The *D-Link* case cited by Ericsson involved a FRAND determination only for several U.S. patents.

[2] Moreover, Ericsson's declaratory judgment claims seek only declaratory relief. Dkt. 17 (1/1 Amend Comp.) at ¶¶ 86, 90, 95.  Indeed, there is no legal basis to seek "coercive" relief under these claims.

3

Nor does Ericsson's discussion of the China action have any relevance here. *Id.* Samsung seeks discretionary denial of jurisdiction under *Voda*, without regard to any parallel proceedings.[3]

Further, Ericsson's attempt to conflate legal standards contradicts the Court's precedent. The *Optis* cases also involved claims for damages and attorneys' fees. *See Optis Wireless Tech., LLC v. Apple Inc.,* No. 2:19-CV-00066-JRG, Dkt. 1, pg. 108 (seeking damages and attorneys' fees for "breach of contract"). Yet, the Court applied the same legal standards relied upon by Samsung here (because the *Optis* cases likewise did not involve federal abstention).

Finally, even the legal standard incorrectly urged by Ericsson is satisfied. The Federal Circuit held in *Voda* that "considerations of comity, judicial economy, convenience, fairness, ***and other exceptional circumstances***" weigh against exercising jurisdiction over foreign issues. *See Voda v. Cordis Corp.,* 476 F.3d 887, 898 (Fed. Cir. 2007) (emphasis added). Thus, no basis exists for Ericsson to avoid the result dictated by the Court's precedent applying *Voda*.

## C. There is No Diversity for Ericsson's Breach of Contract Claims (Counts I-II).

Diversity does not exist for Ericsson's breach of contract claims, which relate to FRAND licensing obligations for Samsung SEPs. Samsung's U.S. entities are not proper parties, because they do not own the SEPs at issue, leaving only non-diverse parties. Dkt. 63 (3/2 Mot.) at 11-12.

There is no dispute that ***none*** of the Samsung SEPs at issue belong to Samsung's U.S. entities. Ericsson does not explain how it can bring claims for breach of FRAND licensing obligations against entities who do not own, and cannot license, the SEPs at issue. Instead, Ericsson argues that the U.S. entities allegedly infringe Ericsson's SEPs and were involved in cross-licensing negotiations for Ericsson SEPs. Dkt. 81 (3/17 Opp.) at 3-5. Ericsson further

---

[3] By way of illustration, after finding jurisdiction should not be exercised over foreign issues, *Voda* noted it would not reach the separate issue of federal abstention. *Voda v. Cordis Corp.,* 476 F.3d at 905. Samsung's argument here is based upon the Court's application of *Voda*, not federal abstention.

argues that the ETSI declarations and previous cross-licenses (signed by Samsung's foreign entity) include affiliates. *Id.* But none of this provides a basis for Ericsson to accuse Samsung's U.S. entities of breaching obligations they do not have involving SEPs they do not own.

Contrary to Ericsson's assertion of complete diversity (*id.* at 13), naming Samsung's U.S. entities for Ericsson's breach claims is a sham that is disregarded under black letter law. Dkt. 63 (3/2 Mot.) at 10; *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003) ("'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy . . . a federal court must disregard nominal or formal parties"). Ericsson's assertion that *Corfield* involved an improper plaintiff party is a distinction without a difference.[4]

Nor is Ericsson correct that provisions of Section 1359 for collusive transfers are relevant here. Dkt. 81 (3/17 Opp.) at 3. Such provisions address a different scenario, where a sufficient interest exists to support diversity, but it came about in an improper manner. Here, no such interest exists in the first place. Further, Section 1359 is satisfied for the reasons above. *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005) (a party "establish[es] improper joinder by showing: Plaintffs' inability to establish a claim under state law against . . . defendant").

### D. Samsung's Motion Should be Addressed on The Pleadings.

Ericsson's assertion that this motion should be deferred until after trial should be rejected. Dkt. 81 (3/17 Opp.) at 14-15. The Court dismissed foreign issues on the pleadings in the *Optis* cases. Dkt. 63 (3/2 Mot.) at 5-6. Further, although complete dismissal was deferred until after trial, that serves no purpose here because Ericsson does not even contend that conduct directed to U.S. patents can be shown at trial. Accordingly, Ericsson's FRAND claims should be dismissed.

---

[4] The cases Ericsson cites for the proposition that parties may be named to obtain jurisdiction relate to naming parties with an actual interest. Dkt. 81 (3/17 Opp.) at 5-6. They do not permit adding entities with no interest to fabricate jurisdiction. *See, e.g., Nolan v. Boeing Co.,* 919 F.2d 1058, 1067–68 (5th Cir. 1990) (because a "substantial claim" exists "there is nothing contrived about . . . federal jurisdiction").

5

Dated:  March 25, 2021                                              Respectfully submitted,


                                                                    */s/ Melissa R. Smith*
                                                                    Melissa R. Smith
                                                                    State Bar No. 24001351
                                                                    GILLAM & SMITH, LLP
                                                                    303 South Washington Avenue
                                                                    Marshall, Texas 75670
                                                                    Telephone:  (903) 934-8450
                                                                    Facsimile:  (903) 934-9257
                                                                    Email:  melissa@gillamsmithlaw.com

                                                                    Gregory S. Arovas, P.C.
                                                                    greg.arovas@kirkland.com
                                                                    Todd M. Friedman, P.C.
                                                                    todd.friedman@kirkland.com
                                                                    KIRKLAND & ELLIS LLP
                                                                    601 Lexington Avenue
                                                                    New York, New York 10022
                                                                    Telephone: (212) 446-4800
                                                                    Facsimile: (212) 446-4900

                                                                    Edward C. Donovan, P.C.
                                                                    edward.donovan@kirkland.com
                                                                    F. Christopher Mizzo, P.C.
                                                                    chris.mizzo@kirkland.com
                                                                    KIRKLAND & ELLIS LLP
                                                                    655 Fifteenth Street, N.W.
                                                                    Washington, D.C. 20005
                                                                    Telephone: (202) 879-5000
                                                                    Facsimile: (202) 879-5200

                                                                    David Rokach
                                                                    david.rokach@kirkland.com
                                                                    KIRKLAND & ELLIS LLP
                                                                    300 North LaSalle
                                                                    Chicago, IL 60645
                                                                    Telephone: (312) 862-2000
                                                                    Facsimile: (312) 862-2200

                                                                    ***Attorneys for Samsung Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 25, 2021.

      /s/ Melissa R. Smith