**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, AND ERICSSON AB**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,**<br><br>**Defendants.** | **Civil Action No.  2:20-cv-00380**<br><br><br>**JURY TRIAL** |

## ERICSSON'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SAMSUNG'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Ericsson Inc., Telefonaktiebolaget LM Ericsson, and Ericsson AB (collectively, "Plaintiffs" or "Ericsson"), by and through their attorneys, hereby answer the purported counterclaims in Defendants' Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America ("SRA") (collectively, "Defendants" or "Samsung") First Amended Answer and Counterclaims (Dkt. 68).

## GENERAL DENIAL

Ericsson denies the allegations in Samsung's Amended Answer and Counterclaims (Dkt. 68) unless expressly admitted in the following paragraphs.

## SAMSUNG'S ANSWER

Samsung's answer and purported affirmative defenses that are included in Samsung's Amended Answer and Counterclaims (*see* Dkt.  68, pp. 1-26) will be referred to herein as Samsung's "Answer." No response should be required to Samsung's Answer. However, to the

extent any response is required, Ericsson denies the allegations in Samsung's Answer unless expressly admitted.

## SAMSUNG'S COUNTERCLAIMS

Ericsson admits that Samsung purports to state counterclaims against Ericsson, but denies that any such counterclaims are meritorious and denies that Samsung is entitled to any relief. Samsung's purported counterclaims, which are included in Samsung's First Amended Answer and Counterclaims (*see* Dkt. 68, pp. 26-51), will be referred to herein as Samsung's "Counterclaims."

The paragraph numbers in this Answer correspond to the paragraph numbers in Samsung's Counterclaims.

## NATURE OF ACTION

1.      Ericsson admits that SEC purports to specialize in wireless communications, digital appliances and media, semiconductors, memory, and system integration, and that SEC's business concerns wireless communications devices ranging from smart-phones to tablets as well as the hardware that supports the networks to which those devices connect. Ericsson also admits that Samsung has a patent portfolio that contains at least some patents that Samsung alleges are standard essential patents. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Samsung's Counterclaims, and denies them accordingly.

2.      Ericsson admits that it and Samsung previously cross-licensed certain respective patent portfolios. Ericsson admits that the parties' most recent agreement, i.e., the 2014 Patent License Agreement ("2014 Agreement"), is now expired. Ericsson admits that it has extended multiple offers to Samsung for renewal of the licenses provided under the 2014 Agreement on

fair, reasonable, and non-discriminatory ("FRAND") terms. Ericsson admits that it filed its amended complaint alleging infringement of eight standard essential patents and alleging breach of FRAND by Samsung. Ericsson admits that Samsung purports to state patent infringement allegations against Ericsson of U.S. Patent Nos. 8,717,905 ("'905 Patent"), 9,525,513 ("'513 Patent"), 9,794,047 ("'047 Patent"), 10,455,621 ("'621 Patent"), 10,531,496 ("'496 Patent"), 10,595,268 ("'268 Patent"), 10,771,223 ("'223 Patent"), and 10,856,325 ("'325 Patent") (the "Counterclaim Patents"), as well as an action for non-infringement and invalidity of the patents asserted by Ericsson in its First Amended Complaint (U.S. Patent Nos. 8,102,805 (the '805 Patent); 8,607,130 (the '130 Patent); 9,949,239 (the '239 Patent); 9,532,355 (the '355 Patent); 10,454,655 (the '655 Patent); 10,193,600 (the '600 Patent); 10,425,817 (the '817 Patent); and 10,516,513 (the '513 Patent) (collectively "the Asserted Patents")), but denies Samsung is entitled to any relief. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 2 of Samsung's Counterclaims.

## PARTIES

3.      Ericsson admits that Samsung Electronics Co., Ltd. is a corporation organized under the laws of the country of Korea with its principal place of business in Suwon, Korea. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Samsung's Counterclaims, and denies them accordingly.

4.      Ericsson admits that Samsung Electronics America, Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of Samsung's Counterclaims, and denies them accordingly.

5.      Ericsson admits that Samsung Research America, Inc. has its principal place of business in Mountain View, California. Ericsson denies that Samsung Research America, Inc. is incorporated under the laws of Delaware. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Samsung's Counterclaims, and denies them accordingly.

6.      Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized and existing under the laws of Sweden, having its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

7.      Ericsson admits that Ericsson Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

## JURISDICTION AND VENUE

8.      Ericsson admits that, for the purposes of this action only, this Court has jurisdiction over Samsung's declaratory judgment claims on the Asserted Patents pursuant to 28 U.S.C. §§ 2201-2202. Ericsson further admits that, for the purposes of this action only, this Court has subject matter jurisdiction over claim relating to allegations of patent infringement and validity pursuant to 28 U.S.C. §§ 1331 or 1338. Ericsson further admits that Ericsson has filed an Amended Complaint against Samsung alleging infringement of the Asserted Patents and that Samsung is seeking a declaration concerning the invalidity and non-infringement of the Asserted Patents.

Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 8 of Samsung's Counterclaims.

9.      For the purposes of this action only, Ericsson does not contest personal jurisdiction. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 9 of Samsung's Counterclaims.

10.      Ericsson admits that venue is appropriate, for the purposes of this action only, under 28 U.S.C. §§ 1391 or 1400. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 10 of Samsung's Counterclaims.

**BACKGROUND**

11.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

12.      Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

13.      Ericsson admits that Samsung purports to have provided network infrastructure equipment to U.S. carriers and has provided mobile devices in the United States. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

14.      Ericsson admits that Samsung purports and claims to own a portfolio of thousands of standard essential patents, but currently is without knowledge or information to form a belief as to the truth of this allegation and therefore denies it. Ericsson denies that Samsung has offered

Ericsson licenses to its standards essential patent portfolios on FRAND terms. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 14 of Samsung's Counterclaims.

15. Ericsson admits that it has signed contracts with cellular service providers in the United States to provide base station equipment, including for so-called 5G networks. Ericsson denies that it has imported or does import any products that infringe any claim of the Counterclaim Patents. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 15 of Samsung's Counterclaims.

16. Ericsson admits that it makes base station equipment, including the Street Macro 6701 product. Ericsson admits that it has applied for FCC certification of the Street Macro 6701 product. Ericsson denies that the Street Macro 6701 product infringes any claim of the Counterclaim Patents. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 16 of Samsung's Counterclaims.

17. Ericsson admits that is makes products that support 4G, 5G, and/or LTE connectivity. Ericsson denies that any of these products infringe any claim of the Counterclaim Patents. Ericsson denies its gNBs and eNBs infringe any claim of the Counterclaim Patents. Ericsson denies that the Accused Products infringe any claim of the Counterclaim Patents. Except as specifically admitted, Ericsson denies the remaining allegations of paragraph 17 of Samsung's Counterclaims.

18. Ericsson denies that it infringes the Counterclaim Patents. Ericsson denies that Samsung is entitled to damages.

19.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

20.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-19 above as though fully set forth herein.

21.     Ericsson denies the allegations of paragraph 21 of Samsung's Counterclaims.

22.     Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding Samsung's infringement of the Asserted Patents.

23.     Ericsson admits that it asserts in its Amended Complaint claims against Samsung for infringement of the Asserted Patents. Ericsson denies the remaining allegations of paragraph 23 of Samsung's Counterclaims.

24.     Ericsson admits that Samsung purports to seek a declaratory judgment of non-infringement of the Asserted Patents.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF PATENT INVALIDITY)

25.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-24 above as though fully set forth herein.

26.     Ericsson denies the allegations of paragraph 26 of Samsung's Counterclaims.

27.     Upon information and belief, Ericsson admits that a controversy exists between Ericsson and Samsung regarding the validity of the Asserted Patents.

28.     Ericsson admits that it asserts in its Amended Complaint claims against Samsung for infringement of the Asserted Patents. Ericsson denies the remaining allegations of paragraph 28 of Samsung's Counterclaims.

29.     Ericsson admits that Samsung purports to seek a declaratory judgment that one or more of the claims of the Asserted Patents are invalid.

### THIRD COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 8,717,905)

30.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-29 above as though fully set forth herein.

31.     Ericsson admits that U.S. Patent No. 8,717,905 is entitled "Apparatus and Method for Adaptive Channel Quality Feedback in a Multicarrier Wireless Network" and lists an issue date of May 6, 2014.

32.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

33.     Ericsson admits that the '905 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 30 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

34.     Ericsson denies the allegations in paragraph 34 of Samsung's Counterclaims.

35.     Ericsson denies the allegations in paragraph 35 of Samsung's Counterclaims.

36.     Ericsson denies the allegations in paragraph 36 of Samsung's Counterclaims.

37.     Ericsson admits that the '905 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 37 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

38.    Ericsson denies the allegations in paragraph 38 of Samsung's Counterclaims.

39.    Ericsson denies the allegations in paragraph 39 of Samsung's Counterclaims.

40.    Ericsson denies the allegations in paragraph 40 of Samsung's Counterclaims.

41.    Ericsson denies the allegations of paragraph 41 of Samsung's Counterclaims.

42.    Ericsson denies the allegations of paragraph 42 of Samsung's Counterclaims.

**FOURTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 9,525,513)**

43.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-42 above as though fully set forth herein.

44.    Ericsson admits that U.S. Patent No. 9,525,513 is entitled "Methods and Apparatus to Improve Performance and Enable Fast Decoding of Transmissions with Multiple Code Blocks" and lists an issue date of December 20, 2016.

45.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

46.    Ericsson admits that the '513 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 46 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

47.    Ericsson denies the allegations in paragraph 47 of Samsung's Counterclaims.

48.    Ericsson denies the allegations in paragraph 48 of Samsung's Counterclaims.

49.    Ericsson denies the allegations in paragraph 49 of Samsung's Counterclaims.

50.    Ericsson admits that the '513 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 50 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

51.     Ericsson denies the allegations in paragraph 51 of Samsung's Counterclaims.

52.     Ericsson denies the allegations in paragraph 52 of Samsung's Counterclaims.

53.     Ericsson denies the allegations in paragraph 53 of Samsung's Counterclaims.

54.     Ericsson denies the allegations of paragraph 54 of Samsung's Counterclaims.

55.     Ericsson denies the allegations of paragraph 55 of Samsung's Counterclaims.

## FIFTH COUNTERCLAIM
## (INFRINGEMENT OF U.S. PATENT NO. 9,794,047)

56.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-55 above as though fully set forth herein.

57.     Ericsson admits that U.S. Patent No. 9,794,047 is entitled "Method and Apparatus for Configuring Aggregate Maximum Bit Rate" and lists an issue date of October 17, 2017.

58.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

59.     Ericsson admits that the '047 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 59 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

60.     Ericsson denies the allegations in paragraph 60 of Samsung's Counterclaims.

61.     Ericsson denies the allegations in paragraph 61 of Samsung's Counterclaims.

62.     Ericsson denies the allegations in paragraph 62 of Samsung's Counterclaims.

63.     Ericsson admits that the '047 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 63 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

64.     Ericsson denies the allegations in paragraph 64 of Samsung's Counterclaims.

65.     Ericsson denies the allegations in paragraph 65 of Samsung's Counterclaims.

66.     Ericsson denies the allegations in paragraph 66 of Samsung's Counterclaims.

67.     Ericsson denies the allegations of paragraph 67 of Samsung's Counterclaims.

68.     Ericsson denies the allegations of paragraph 68 of Samsung's Counterclaims.

**SIXTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 10,455,621)**

69.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-68 above as though fully set forth herein.

70.     Ericsson admits that U.S. Patent No. 10,455,621 is entitled "Apparatus and Method for Signaling System Information" and lists an issue date of October 22, 2019.

71.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

72.     Ericsson admits that the '621 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 72 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

73.     Ericsson denies the allegations in paragraph 73 of Samsung's Counterclaims.

74.     Ericsson denies the allegations in paragraph 74 of Samsung's Counterclaims.

75.     Ericsson denies the allegations in paragraph 75 of Samsung's Counterclaims.

76.     Ericsson admits that the '621 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 76 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

77.     Ericsson denies the allegations in paragraph 77 of Samsung's Counterclaims.

78.     Ericsson denies the allegations in paragraph 78 of Samsung's Counterclaims.

79.     Ericsson denies the allegations in paragraph 79 of Samsung's Counterclaims.

80.     Ericsson denies the allegations of paragraph 80 of Samsung's Counterclaims.

81.     Ericsson denies the allegations of paragraph 81 of Samsung's Counterclaims.

## SEVENTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 10,531,496)

82.     Ericsson repeats and incorporates by reference its responses in paragraphs 1-81 above as though fully set forth herein.

83.     Ericsson admits that U.S. Patent No. 10,531,496 is entitled "Apparatus and Method for Signaling System Information" and lists an issue date of January 7, 2020.

84.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

85.     Ericsson admits that the '496 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 85 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

86.     Ericsson denies the allegations in paragraph 86 of Samsung's Counterclaims.

87.     Ericsson denies the allegations in paragraph 87 of Samsung's Counterclaims.

88.     Ericsson denies the allegations in paragraph 88 of Samsung's Counterclaims.

89.     Ericsson admits that the '496 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 89 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

90.     Ericsson denies the allegations in paragraph 90 of Samsung's Counterclaims.

91.     Ericsson denies the allegations in paragraph 91 of Samsung's Counterclaims.

92.     Ericsson denies the allegations in paragraph 92 of Samsung's Counterclaims.

93.    Ericsson denies the allegations of paragraph 93 of Samsung's Counterclaims.

94.    Ericsson denies the allegations of paragraph 94 of Samsung's Counterclaims.

**EIGHTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 10,595,268)**

95.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-94 above as though fully set forth herein.

96.    Ericsson admits that U.S. Patent No. 10,595,268 is entitled "Network Slice-Available Area Information Acquisition Method" and lists an issue date of March 17, 2020.

97.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

98.    Ericsson admits that the '268 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 98 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

99.    Ericsson denies the allegations in paragraph 99 of Samsung's Counterclaims.

100.    Ericsson denies the allegations in paragraph 100 of Samsung's Counterclaims.

101.    Ericsson denies the allegations in paragraph 101 of Samsung's Counterclaims.

102.    Ericsson admits that the '268 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 102 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

103.    Ericsson denies the allegations in paragraph 103 of Samsung's Counterclaims.

104.    Ericsson denies the allegations in paragraph 104 of Samsung's Counterclaims.

105.    Ericsson denies the allegations in paragraph 105 of Samsung's Counterclaims.

106.    Ericsson denies the allegations of paragraph 106 of Samsung's Counterclaims.

107.   Ericsson denies the allegations of paragraph 107 of Samsung's Counterclaims.

## NINTH COUNTERCLAIM
## (INFRINGEMENT OF U.S. PATENT NO. 10,771,223)

108.   Ericsson repeats and incorporates by reference its responses in paragraphs 1-107 above as though fully set forth herein.

109.   Ericsson admits that U.S. Patent No. 10,771,223 is entitled "Method and Apparatus for Allocating and Signaling ACK/NACK Resources in a Wireless Communication System" and lists an issue date of September 8, 2020.

110.   Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

111.   Ericsson admits that the '223 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 111 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

112.   Ericsson denies the allegations in paragraph 112 of Samsung's Counterclaims.

113.   Ericsson denies the allegations in paragraph 113 of Samsung's Counterclaims.

114.   Ericsson denies the allegations in paragraph 114 of Samsung's Counterclaims.

115.   Ericsson admits that the '223 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 115 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

116.   Ericsson denies the allegations in paragraph 116 of Samsung's Counterclaims.

117.   Ericsson denies the allegations in paragraph 117 of Samsung's Counterclaims.

118.   Ericsson denies the allegations in paragraph 118 of Samsung's Counterclaims.

119.   Ericsson denies the allegations of paragraph 119 of Samsung's Counterclaims.

120.    Ericsson denies the allegations of paragraph 120 of Samsung's Counterclaims.

## TENTH COUNTERCLAIM
## (INFRINGEMENT OF U.S. PATENT NO. 10,856,325)

121.    Ericsson repeats and incorporates by reference its responses in paragraphs 1-120 above as though fully set forth herein.

122.    Ericsson admits that U.S. Patent No. 10,856,325 is entitled "System Access Method and Apparatus of a Narrowband Terminal in a Wireless Communication System Supporting Wideband and Narrowband Terminals" and lists an issue date of December 1, 2020.

123.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of Samsung's Counterclaims, at least some of which are vague and ambiguous, and therefore denies those allegations.

124.    Ericsson admits that the '325 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 124 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

125.    Ericsson denies the allegations in paragraph 125 of Samsung's Counterclaims.

126.    Ericsson denies the allegations in paragraph 126 of Samsung's Counterclaims.

127.    Ericsson denies the allegations in paragraph 127 of Samsung's Counterclaims.

128.    Ericsson admits that the '325 patent is mentioned in Samsung's Counterclaims. Ericsson denies the remaining allegations in paragraph 128 of Samsung's Counterclaims, at least some of which are vague and ambiguous.

129.    Ericsson denies the allegations in paragraph 129 of Samsung's Counterclaims.

130.    Ericsson denies the allegations in paragraph 130 of Samsung's Counterclaims.

131.    Ericsson denies the allegations in paragraph 131 of Samsung's Counterclaims.

132.    Ericsson denies the allegations of paragraph 132 of Samsung's Counterclaims.

133.   Ericsson denies the allegations of paragraph 133 of Samsung's Counterclaims

## RESERVATION OF RIGHTS TO ASSERT
## ADDITIONAL DEFENSES OR COUNTERCLAIMS

This section of Samsung's Counterclaims recites a reservation of rights, for which no response from Ericsson is required.

## ALLEGED EXCEPTIONAL CASE

Ericsson denies that this case is an exceptional case entitling Samsung to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RESPONSE TO SAMSUNG'S PRAYER FOR RELIEF

The remainder of Samsung's Counterclaims recites a prayer for relief, for which no response is required.  To the extent any response is required, Ericsson denies that Samsung is entitled to any relief whatsoever from Ericsson as prayed for in Samsung's Counterclaims, denies that Samsung is entitled to an injunction, and denies that Samsung is entitled any other relief.

## ERICSSON'S DEFENSES TO SAMSUNG'S COUNTERCLAIMS

Ericsson asserts the following defenses in response to the allegations in Samsung's Counterclaims. Ericsson's inclusion of these defenses is not a concession that Ericsson bears the burden of proof with respect to any of these defenses. In addition to the defenses described below, Ericson specifically reserves the right to assert supplement, modify, and/or amend these defenses through the course of discovery. Ericsson incorporates all allegations, claims, and defenses made in Ericsson's First Amended Complaint (Dkt. 17).

## FIRST DEFENSE
### (Failure to State a Claim)

134.     Ericsson incorporates the allegations set forth in paragraphs 1-133 above. In light of at least these facts, Samsung's Answer and Counterclaims fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

135.     Ericsson has not directly infringed, indirectly infringed, contributed to, or induced infringement of any valid or enforceable claim of any of Samsung's Counterclaim Patents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

136.     Samsung has not met its burden of proof to show infringement of any of the claims of any of its Counterclaim Patents, and will be unable to meet its burden of proof to show infringement of any of the Counterclaim Patents.

137.     Ericsson has not (i) directly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Counterclaim Patents; (ii) contributed to the infringement by others, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the Counterclaim Patents; or (iii) induced the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable claim of the Counterclaim Patents.

138.     The asserted claims of the Counterclaim Patents are not entitled to any construction that would cover any product made, used, sold, offered for sale, or imported into the United States or any method practiced by Ericsson. Ericsson does not infringe any of the Counterclaim Patents, either directly or indirectly, either literally or under the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity)

139.   The asserted claims of the Counterclaim Patents are invalid for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

140.   The asserted claims of the Counterclaim Patents are limited by the text of the Counterclaim Patents, their prosecution histories, and/or the prior art such that Samsung is estopped or otherwise precluded from asserting that Ericsson has infringed, directly or indirectly, any claim of the Counterclaim Patents, either literally or under the doctrine of equivalents.

## FIFTH DEFENSE
### (Lack of Standing)

141.   To the extent that Samsung lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Counterclaim Patents, Samsung's claims are barred by a lack of standing.

## SIXTH DEFENSE
### (Patent Exhaustion, License, Covenant Not to Sue)

142.   Samsung's claims are barred in whole or in part pursuant to a covenant not to sue, an express and/or implied license, and/or the doctrine of patent exhaustion.

143.    On information and belief, and by way of example without limitation, Samsung's rights in one or more of the Counterclaim Patents are exhausted as to Ericsson and Ericsson has an express or implied license to practice those patents.

144.    For example, Ericsson and Samsung entered into a 2014 Patent License Agreement ("2014 Agreement"), by which Ericsson received, among other things, certain rights related to the Counterclaim Patents. Ericsson had an express and/or implied license to manufacture, use, import, and sell products licensed under the 2014 Agreement from at least February 1, 2014 until at least December 31, 2020. Samsung is not entitled to damages or any other remedy for Ericsson's manufacture, use, importation, or sale of products licensed under the 2014 Agreement.

## SEVENTH DEFENSE
### (Government Sales)

145.    Samsung's remedies, if any, are limited under 28 U.S.C. § 1498(a).

## EIGHTH DEFENSE
### (Statutory Damages Limitations)

146.    Any recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

## NINTH DEFENSE
### (FRAND Limitation)

147.    Samsung's claims for monetary relief are limited by its obligation to license the Asserted Patents on fair, reasonable and non-discriminatory ("FRAND") terms pursuant to the ETSI IPR Policy.

## TENTH DEFENSE
### (Equitable Doctrines)

148.    Samsung's Counterclaims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

## ELEVENTH DEFENSE
### (No Equitable Relief)

149.    Samsung is not entitled to equitable relief as its remedies at law, if any exist, are adequate, and Samsung and cannot show that it has suffered or will suffer any immediate or irreparable harm from Ericsson's actions.

## TWELFTH DEFENSE
### (No Exceptional Case)

150.    Ericsson has not engaged in any conducts that would make this an exceptional case that would entitle Samsung to an award of attorneys' fees.

## THIRTEENTH DEFENSE
### (No Willful Infringement)

151.    Samsung's claims for enhanced damages, if any, and an award of fees and costs against Ericsson have no basis in fact or law and should be denied.

## ERICSSON'S COUNTERCLAIMS

As its counterclaims against Defendants/Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Defendants" or "Samsung"), Plaintiff/Counterclaim Defendants Ericsson Inc., Telefonaktiebolaget LM Ericsson, and Ericsson AB (collectively, "Plaintiffs" or "Ericsson"), demand a trial by jury on all claims so triable and allege as follows:

## NATURE OF THE ACTION

1.    Ericsson repeats and realleges the allegations in paragraphs 1-9 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

## THE PARTIES

2.    Ericsson repeats and realleges the allegations in paragraphs 10-15 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

## JURISDICTION AND VENUE

3.      Ericsson repeats and realleges the allegations in paragraphs 16-24 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Furthermore, an actual, substantial, and continuing justiciable controversy exists between Ericsson and Samsung based on Samsung having filed its Counterclaims alleging infringement of the Counterclaim Patents, with respect to which Ericsson requires a declaration of its rights by this Court. The controversy concerns the invalidity and non-infringement of the Counterclaim Patents, the right of Samsung to maintain suit for alleged infringement of the Counterclaim Patents, and Samsung's infringement of the Asserted Patents.

6.      The Court has personal jurisdiction over Samsung, *inter alia*, because Samsung has submitted to the personal jurisdiction of this Court by filing Samsung's Counterclaims.

7.      Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, Samsung has submitted to the venue of this Court by filing its Counterclaims here.

## FACTUAL BACKGROUND

**A.      Ericsson's Investment in Telecommunications**

8.      Ericsson repeats and realleges the allegations in paragraphs 25-30 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

**B.      ETSI and 3GPP**

9.      Ericsson repeats and realleges the allegations in paragraphs 31-36 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

### C.   Ericsson and Samsung's Prior Licenses

10.     Ericsson repeats and realleges the allegations in paragraphs 37-39 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

### D.   The Parties' Negotiations

11.     Ericsson repeats and realleges the allegations in paragraphs 40-47 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

### E.   The Asserted Patents

12.     Ericsson repeats and realleges the allegations in paragraphs 48-55 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

### F.   Claims for Patent Infringement and Declaratory Judgment

13.     Ericsson repeats and realleges the allegations in paragraphs 56-62 of its First Amended Complaint (Dkt. 17) as though fully set forth herein.

### COUNTERCLAIM COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '905 PATENT

14.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-13 of its counterclaims above as though fully set forth herein.

15.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '905 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '905 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '905 Patent.

16.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '905 Patent.

Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '905 Patent.

17.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '905 Patent, either literally or under the doctrine of equivalents.

18.     Furthermore, each and every claim of the '905 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

19.     Ericsson is thus entitled to a judgment finding that the '905 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '905 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '513 PATENT

20.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-19 of its counterclaims above as though fully set forth herein.

21.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '513 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '513 Patent.

Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '513 Patent.

22.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '513 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '513 Patent.

23.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '513 Patent, either literally or under the doctrine of equivalents.

24.     Furthermore, each and every claim of the '513 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

25.     Ericsson is thus entitled to a judgment finding that the '513 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '513 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 3: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '047 PATENT

26.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-25 of its counterclaims above as though fully set forth herein.

27.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '047 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '047 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '047 Patent.

28.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '047 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '047 Patent.

29.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '047 Patent, either literally or under the doctrine of equivalents.

30.     Furthermore, each and every claim of the '047 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

31.     Ericsson is thus entitled to a judgment finding that the '047 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '047 Patent is invalid and/or unenforceable.

**COUNTERCLAIM COUNT 4: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '621 PATENT**

32.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-31 of its counterclaims above as though fully set forth herein.

33.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '621 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '621 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '621 Patent.

34.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '621 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '621 Patent.

35.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '621 Patent, either literally or under the doctrine of equivalents.

36.     Furthermore, each and every claim of the '621 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

37.     Ericsson is thus entitled to a judgment finding that the '621 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not

contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '621 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 5: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '496 PATENT

38.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-37 of its counterclaims above as though fully set forth herein.

39.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '496 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '496 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '496 Patent.

40.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '496 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '496 Patent.

41.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '496 Patent, either literally or under the doctrine of equivalents.

42.     Furthermore, each and every claim of the '496 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created

doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

43.     Ericsson is thus entitled to a judgment finding that the '496 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '496 Patent is invalid and/or unenforceable.

### COUNTERCLAIM COUNT 6: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '268 PATENT

44.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-43 of its counterclaims above as though fully set forth herein.

45.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '268 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '268 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '268 Patent.

46.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '268 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '268 Patent.

47.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '268 Patent, either literally or under the doctrine of equivalents.

48.     Furthermore, each and every claim of the '268 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

49.     Ericsson is thus entitled to a judgment finding that the '268 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '268 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 7: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '223 PATENT

50.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-49 of its counterclaims above as though fully set forth herein.

51.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '223 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '223 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '223 Patent.

52.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '223 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '223 Patent.

53.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '223 Patent, either literally or under the doctrine of equivalents.

54.     Furthermore, each and every claim of the '223 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

55.     Ericsson is thus entitled to a judgment finding that the '223 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '223 Patent is invalid and/or unenforceable.

### COUNTERCLAIM COUNT 8: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, & UNENFORCEABILITY OF THE '325 PATENT

56.     Ericsson repeats and realleges the allegations in paragraphs 1-133 of its answer and affirmative defenses above, and paragraphs 1-55 of its counterclaims above as though fully set forth herein.

57.     By the filing of its Counterclaims, Samsung has purported to assert a claim against Ericsson for alleged infringement of the '325 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '325 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '325 Patent.

58.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '325 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '325 Patent.

59.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '325 Patent, either literally or under the doctrine of equivalents.

60.     Furthermore, each and every claim of the '325 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

61.     Ericsson is thus entitled to a judgment finding that the '325 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '325 Patent is invalid and/or unenforceable.

## EXCEPTIONAL CASE

62.     This case is an exceptional case entitling Ericsson to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Samsung's assertion of its Counterclaim Patents against Ericsson with the knowledge that the Counterclaim Patents are invalid and unenforceable.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in its favor

and award Ericsson the following relief:

A.      enter an Order dismissing Samsung's Answer and Counterclaims in its entirety
        with prejudice;

B.      enter judgment declaring that Ericsson has not and does not infringe any asserted
        claim of any of Samsung's Counterclaim Patents under any theory;

C.      enter judgment declaring that each and every asserted claim of Samsung's
        Counterclaim Patents is invalid and unenforceable;

D.      enter judgment that Samsung takes nothing by way of its Answer and
        Counterclaims;

E.      an award of attorneys' fees and costs; and

F.      award Ericsson such other and further relief as this Court may deem just and
        proper.

Dated: March 25, 2021.

**McKOOL SMITH, P.C.**

/s/ *Theodore Stevenson, III*
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Christine Woodin
Texas State Bar No. 24199951
California Bar No. 295023
cwoodin@mckoolsmith.com
**McKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**McKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (903) 923-9001

Nicholas Theodore Matich, IV
nmatich@mckoolsmith.com

Nicholas Matich IV,
District of Columbia State Bar No. 102497
**MCKOOL SMITH, P.C.**
1717 K Street, NW Suite 900
Washington, DC 20006
Telephone: (202) 221-6267

**ATTORNEYS FOR PLAINTIFFS**
**ERICSSON INC. AND**
**TELEFONAKTIEBOLAGET LM**
**ERICSSON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on March 25, 2021.

 /s/ *Theodore Stevenson, III*
Theodore Stevenson, III