# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. AND<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>AND SAMSUNG RESEARCH AMERICA,<br><br>  Defendants. | Civil Action No. 2:20-cv-380-JRG |

### ERICSSON'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO DISMISS ERICSSON'S FRAND-RELATED CLAIMS (COUNTS I-V)

## **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   ARGUMENT .................................................................................................................... 1

   A.   The Court Has, and Must Exercise, Diversity Jurisdiction. ................................. 1

   B.   Samsung Ignores Clear Governing Law Explaining Why Ericsson's Requested Declaratory Relief May Not Be Dismissed at This Stage. ............................................................. 3

   C.   Though the Court Need Not Reach This Question, the Court Also Has Supplemental Jurisdiction over Ericsson's FRAND Claims. ........................................................... 4

III.  CONCLUSION ................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*,
  408 F.3d 248 (5th Cir. 2005) ..................................................................................................4

*Boyer v. Snap-on Tools Corp.*,
  913 F.2d 108 (3d Cir. 1990)....................................................................................................2

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988).................................................................................................................5

*Century Sur. Co. v. Blevins*,
  799 F.3d 366 (5th Cir. 2015) ...............................................................................................3, 4

*Colo. River Water Conserv. Dist. v. United States*,
  424 U.S. 800 (1976).................................................................................................................4

*Delgado v. Shell Oil Co.*,
  231 F.3d 165 (5th Cir. 2000) ..................................................................................................3

*Hanover Ins. Co. v. JA Grp.*,
  No. SA-16-CV-609-RCL, 2017 WL 4295235 (W.D. Tex. Sept. 27, 2017) .............................3

*Lincoln Prop. Co. v. Roche*,
  546 U.S. 81 (2005)...................................................................................................................2

*Melder v. Allstate Corp.*,
  404 F.3d 328 (5th Cir. 2005) ..................................................................................................2

*Microsoft Corp. v. Motorola, Inc.*,
  696 F.3d 872 (9th Cir. 2012) ..................................................................................................5

*New England Ins. Co. v. Barnett*,
  561 F.3d 392 (5th Cir. 2009) ..................................................................................................3

*Nolan v. Boeing Co.*,
  919 F.2d 1058 (5th Cir. 1990) ................................................................................................2

*Optis Wireless Tech. v. Apple*,
  No. 2:19-CV-00066, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020) ..........................................1

*Simpson v. Alaska State Comm'n for Hum. Rts.*,
  608 F.2d 1171 (9th Cir. 1979) (Kennedy, J.).........................................................................2

*Southwind Aviation, Inc. v. Bergen Aviation, Inc.*,
  23 F.3d 948 (5th Cir. 1994) ....................................................................................................4

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007)......................................................................................................5

**STATUTES**

28 U.S.C. § 1359............................................................................................................................2, 3

28 U.S.C. § 1367(c) ...........................................................................................................................5

iii

I.  **INTRODUCTION**

The Court's *power* to resolve this dispute is clear. In its Response, Ericsson cited several appeals from federal court adjudications of global-licensing offers and observed that—if U.S. courts lack the authority to make such adjudications—the appellate courts would have been obligated to address that *sua sponte*; but none had. Dkt. No. 81 at p. 7. Samsung notes that in some of these cases, "the parties jointly requested global FRAND rulings," Dkt. No. 93 at pp. 2-3, but Samsung never contests Ericsson's fundamental point: Litigants cannot confer subject-matter jurisdiction by agreement. Dkt. No. 81 at p. 7. And the *Optis* cases cited by Samsung do not address this Court's authority, as they both involved *discretionary* denials. *See Optis Wireless Tech. v. Apple*, No. 2:19-CV-00066, 2020 WL 999463, at *2 (E.D. Tex. Mar. 2, 2020) ("the Court *elects not to exercise* its jurisdiction under *these facts*").

While Samsung has previously asserted that only the courts of China and the U.K. will adjudicate global FRAND compliance, *see* Dkt. No. 26 at pp. 7-8, this Court unquestionably has the power to adjudicate Ericsson's FRAND claims. Dkt. No. 81 at pp. 6-8. So, the only remaining question is whether the Court has discretion to decline *exercising* its power to resolve this dispute under the unique facts of this case. As Ericsson's Response and Sur-Reply demonstrate, because Samsung ignores binding precedent placing clear limits on the Court's ability to decline exercising its jurisdiction under these facts, Samsung's motion should be denied in its entirety.

II.  **ARGUMENT**

A.  **The Court Has, and Must Exercise, Diversity Jurisdiction.**

Cognizant that, if the Court has diversity jurisdiction, the Court must adjudicate Ericsson's FRAND claims as pled, Samsung regurgitates the argument that inclusion of its U.S. affiliates was a "sham" to manufacture diversity. Not so.

1

*First*, Samsung asks the Court to disregard two defendants' citizenships while disagreeing that its only avenue to do so—§ 1359—even applies. When, as here, the amount-in-controversy and complete-diversity requirements are satisfied, a court's "only inquiry" is whether a party's citizenship must be "disregarded" because joinder is "improper or collusive" under § 1359. *Simpson v. Alaska State Comm'n for Hum. Rts.*, 608 F.2d 1171, 1173 (9th Cir. 1979) (Kennedy, J.); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1068 (5th Cir. 1990); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990).

*Second*, Samsung advances no evidence that Ericsson joined Samsung's U.S. affiliates collusively or improperly to manufacture jurisdiction under § 1359. In fact, the proof is all to the contrary. Samsung's affiliates *actively participated* in the parties' cross-license negotiations; Samsung (Korea) was acting as the agent for its affiliates, making its affiliates jointly liable for Samsung (Korea)'s negotiation conduct under black-letter agency law; Samsung (Korea)'s FRAND obligations expressly extend to its affiliates; Samsung's U.S. affiliates were to be covered by the terms of the license agreement under negotiation; and Samsung does not dispute that its U.S. affiliates both require a license from Ericsson and will grant a license back to Ericsson.

The only fact Samsung points to is that Samsung (Korea) currently owns the SEPs at issue under an internal assignment agreement. But Samsung can *unilaterally* alter this at any time, meaning the affiliates must be covered under the license agreement to prevent gamesmanship. Dkt. No. 81 at p. 4 & n.5.[1] There is nothing improper or collusive about joining the affiliates as parties.[2]

---

[1] Moreover, Samsung's argument on this point is decidedly merits-based. Even if it were correct, it does not "divest[] the court of jurisdiction in this case." *C.f. Simpson*, 608 F.2d at 1174–75.

[2] In a last-ditch effort to find supporting case law, Samsung cites *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005) to argue in the alternative that § 1359 is satisfied. Dkt. No. 93 at p. 5. But *Melder* does not even *mention* § 1359. Instead, *Melder* recites an irrelevant standard from a case dealing with the distinct issue of fraudulent joinder to *defeat removal*. As the Fifth Circuit

2

Despite having two rounds of briefing to do so, Samsung cannot point to a *single case* where a court does what Samsung asks this Court to do: ignore two named defendants' citizenships without finding impermissible or collusive joinder under § 1359. The parties are completely diverse, the amount in controversy exceeds $75,000, and no facts implicate § 1359. The Court has, and must exercise, diversity jurisdiction over Ericsson's FRAND claims.

### B. Samsung Ignores Clear Governing Law Explaining Why Ericsson's Requested Declaratory Relief May Not Be Dismissed at This Stage.

Samsung asserts that because "Ericsson's declaratory judgment claims seek only declaratory relief," the Court has unfettered discretion to decline jurisdiction over those *claims* despite the fact that the *action* (including Samsung's counterclaims) involves coercive relief. Dkt. No. 93 at p. 3 & n.2. The Fifth Circuit disagrees. *E.g.*, *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395–96 (5th Cir. 2009); *see also Century Sur. Co. v. Blevins*, 799 F.3d 366, 373 & n.5 (5th Cir. 2015) ("We note that, in this circuit, *Colorado River* and its restrictive 'exceptional circumstances' abstention requirements apply whenever an action seeks coercive relief, regardless of whether declaratory relief is sought."). Even when an action includes a request for declaratory relief, a court may only decline jurisdiction over an action; it may not decline jurisdiction over a claim as Samsung urges. *See id*; *Hanover Ins. Co. v. JA Grp.*, No. SA-16-CV-609-RCL, 2017 WL 4295235, at *3 (W.D. Tex. Sept. 27, 2017).

Next, Samsung argues that because *Colorado River* is an abstention doctrine, it does not constrain the Court's discretion here. Dkt. No. 93 at p. 3. Again, the Fifth Circuit disagrees. *E.g.*, *id.* Samsung also misunderstands the applicability of *Colorado River*. While Samsung takes issue

---

explained in *Delgado*, the fraudulent-joinder test should not be conflated with § 1359. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177–78 (5th Cir. 2000). Even if Samsung's cited fraudulent-joinder test had any bearing on the § 1359 analysis (it does not), under the undisputed facts discussed above, Ericsson has plead plausible claims against Samsung's U.S. affiliates.

3

with *Colorado River*'s use of the term "abstention," as the Supreme Court explained, the "doctrine of abstention" concerns whether a court "may *decline to exercise* . . . its *jurisdiction* . . . ." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1976) (emphasis added). Samsung's argument from the beginning has been that this Court should "decline . . . to exercise jurisdiction" to rule on Ericsson's requests for declaratory relief. Dkt. No. 63 at p. 5.

Finally, Samsung tries to distinguish this precedent by arguing that it is seeking dismissal, not a stay. The Fifth Circuit again disagrees with Samsung: A court's discretion to stay *or* dismiss a mixed action on the grounds urged by Samsung is constrained by *Colorado River* as a matter of law. *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005); *see also Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (reversing lower court for "err[ing] as a matter of law" by *dismissing* a mixed action without applying the six-factor *Colorado River* test); *Blevins*, 799 F.3d at 373 (same).

Samsung accuses Ericsson of "conflat[ing] legal standards"; in reality, Samsung never addresses the correct test, under which Samsung itself acknowledges it loses. *See* Dkt. No. 93 at p. 4 (admitting there is no parallel proceeding for *Colorado River* purposes). Because this action is a mixed action, and Samsung has not proved that "exceptional circumstances" under *Colorado River* exist, the Court may not decline exercising its jurisdiction over any portion of this action—including Ericsson's requested remedy of declaratory relief.[3]

    **C.**    **Though the Court Need Not Reach This Question, the Court Also Has Supplemental Jurisdiction over Ericsson's FRAND Claims.**

Since the Court must exercise its original diversity jurisdiction over Ericsson's FRAND claims, Samsung's supplemental-jurisdiction arguments are irrelevant. They are also wrong.

---

[3] Despite its attempt to argue that "exceptional circumstances" exist, Samsung *still* fails to analyze the governing six-factor "exceptional circumstances" test on which Samsung carries the burden. *Compare* Dkt. No. 93 at p. 4, *with* Dkt. No. 81 at pp. 12–13.

Despite discretion under § 1367(c) being a flexible and fact-intensive inquiry, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), Samsung faults Ericsson for examining the unique facts of this case, all of which necessitate a different outcome than the *Optis* cases. Dkt. No. 81 at pp. 8–9. The very point of § 1367(c) is to allow courts to evaluate the unique circumstances of individual cases in deciding whether to exercise supplemental jurisdiction.[4]

Samsung devotes much of its reply to examining the Federal Circuit's *Voda* decision. Since the Court need not examine supplemental jurisdiction at all, *Voda* is a sideshow. Nonetheless, Samsung gets *Voda*'s holding wrong. Samsung claims that *Voda* prevents a court from prudentially exercising supplemental jurisdiction over foreign "issues." Dkt. No. 93 at p. 2. That was not *Voda*'s holding. *Voda* dealt with the specific issue of whether a U.S. court should rule on the infringement or validity of a *foreign property right*. 476 F.3d 887, 900–03 (Fed. Cir. 2007). Patent infringement and validity are very different questions from whether negotiating conduct and offers comply with a private contract. *Voda* did not hold, or even suggest, that courts should decline to exercise supplemental jurisdiction when a case involves the "private law of the contract between the parties"—as this case does—rather than the enforcement of foreign patent law. *See Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 884 (9th Cir. 2012). Nor did *Voda* suggest that courts should not decide cases involving any foreign "issue."

### III. CONCLUSION

For the reasons articulated here and in Ericsson's Response, the Court should deny Samsung's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

---

[4] "[T]he doctrine of pendent jurisdiction [] is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Cohill*, 484 U.S. at 350. Considering all the factual distinctions is not arguing for a "more favorable legal standard" as Samsung claims—it is the only way for the Court to apply the standard.

| | |
|---|---|
| Dated: April 1, 2021. | **MCKOOL SMITH, P.C.** |
| | |
| | /s/ *Theodore Stevenson, III* |
| | Theodore Stevenson, III |
| | Texas State Bar No. 19196650 |
| | tstevenson@mckoolsmith.com |
| | Nicholas Mathews |
| | Texas State Bar No. 24085457 |
| | nmathews@McKoolSmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 300 Crescent Court Suite 1500 |
| | Dallas, TX 75201 |
| | Telephone: (214) 978-4000 |
| | Telecopier: (214) 978-4044 |
| | |
| | Christine Woodin |
| | Texas State Bar No. 24199951 |
| | California Bar No. 295023 |
| | cwoodin@mckoolsmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 300 South Grand Avenue, Suite 2900 |
| | Los Angeles, California 90071 |
| | Telephone: (213) 694-1200 |
| | Telecopier: (213) 694-1234 |
| | |
| | Blake Bailey |
| | Texas State Bar No. 24069329 |
| | bbailey@mckoolsmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 600 Travis Street, Suite 7000 |
| | Houston, TX 77002 |
| | Telephone: (713) 485-7300 |
| | Telecopier: (713) 485-7344 |

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (903) 923-9001

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 1, 2021.

/s/ *Nicholas Mathews*
Nicholas Mathews
